RIVES *et al.*, executors, *v.* LAMAR, administrator.

1. Where the caveator or respondent in a proceeding for partition introduces an affirmative pleading praying for equitable relief as against the petitioners for partition and touching the premises described in the original petition, no question as to the regularity or sufficiency of the new pleading can be raised by motion for a new trial. Such questions are properly made by objection, demurrer or motion before trial, and rulings of the court thereon should come to this court by direct exception to the same, and not by exception to the refusal of a new trial.

2. Though the application by the executors for partition was founded on the will of the testator, and was made to execute one of the provisions of the will, yet as there was no controversy touching the right of the executors to have partition if their testator had title to the land in question at the time of his death, and as the whole dispute at the trial was upon the question of an alleged previous gift by him to his son and the extent of that gift, there was no error in excluding the will from the jury when offered in evidence by the executors.

3. The official appraisement of the testator's estate is not admissible to illustrate the question as to whether he had, many years before his death, made a parol gift of land to one of his children.

4. Upon a trial involving the question of a parol gift of land, evidence of declarations of the donor tending to show a motive for the gift are admissible in evidence for the donee, although they would be inadmissible if offered for the purpose of engrafting a trust upon a deed previously made by which the premises were conveyed to the donor.

5. Mere declarations by a donee adverse to his title, the same not having been acted upon to the injury of the donor, will not estop the former from proving and insisting upon the gift if any was made.

6. There being evidence tending to show a disclaimer by the son after the expiration of seven years from the commencement of his possession, and this evidence of disclaimer being confined to a part of the premises only, and having relation more to the true boundary of the parcel embraced by the alleged gift than to the making of the gift itself, the evidence was available for the purpose of identifying the land given, and distinguishing it from the land not given, and for this purpose might be as effectual as if the alleged disclaimer had been made before the seven years expired; hence, whether the doctrine of the instruction be correct or not in the abstract, it was, under the facts of the actual case, error to charge the jury that if the son held exclusively for seven years in

the lifetime of the father, without payment of rent, the jury should find for the son's administrator, unless the evidence shows further that within that seven years the son disclaimed title or acknowledged a dominion claimed by his father.

7. In order to enforce specifically a parol gift of land upon the ground that the donee has made valuable improvements on the faith of the gift, the *allegata* and the *probata* must correspond. Consequently, where the gift alleged was of a definite part of a tract of land, proof that the whole tract was given will not warrant a decree for specific performance.

July 23, 1894.

Application for partition. Before Judge HUNT. Hancock superior court. August term, 1893.

J. T. JORDAN, T. M. HUNT and HINES & FELDER, for plaintiffs. REESE & LITTLE, for defendant.

SIMMONS, Justice.

The executors of George S. Rives filed their petition for partition against D. L. Rives, in which they alleged that by his last will, duly probated, George S. Rives left a half-interest in a tract of land in Hancock county known as the Evans tract and containing 1,700 acres, to D. L. Rives; that they had assented to the legacy, and the other half-interest still remained in them; that they had given notice to D. L. Rives, and prayed the appointment of partitioners to make partition of said land. D. L. Rives filed his answer and alleged therein that the matters set forth in the petition were untrue; that partitioners should not be appointed, because when George S. Rives, his father, died, there was no common ownership of the land between him and the defendant, nor was there such ownership between them at any time prior or subsequent to the death of George S.; that the defendant was the absolute and exclusive owner of the land, and held and occupied it adversely to said George S. and all other persons; that in 1866 he went into possession of the whole of said land, under a parol gift from his father, and held possession and kept it for

more than seven years next before the death of George S.; that he had been in possession from that time until the present, during which possession he had made valuable improvements, etc. Pending the suit D. L. Rives died, and Lamar was appointed his administrator and made a party. By amendment he alleged that George S. Rives made a parol gift to D. L. Rives of the land sought to be partitioned, or so much thereof as lay south of Island creek, containing 1,200 acres, more or less, and that D. L. went into possession of the last described land and made valuable improvements, etc. He prayed that the executors be required to specifically perform said agreement, and be required to make respondent good and satisfactory titles to said described premises. The jury found for the defendant, and the plaintiffs made a motion for a new trial, which was overruled, and they excepted.

1. It was complained in the motion for a new trial that the court erred in overruling a demurrer to the amendment made by Lamar. This court has held so often that the overruling of a demurrer is no ground for a new trial, that it surprises us when counsel persist in treating it as such. If anything can be regarded as settled by repeated rulings of an appellate court, it seems to us that this point ought to be considered as settled. These rulings apply as well to a demurrer to a cross-petition seeking affirmative relief as they do to a demurrer to an original petition.

2. The executors having filed an equitable petition against the defendant, and he having made no objection to the form of the proceeding and not controverting the right of the executors to have partition in the land if the testator had title thereto, and the whole dispute at the trial being upon the question of an alleged previous gift by the testator to his son and the extent of the gift, there was no error in excluding the will from the jury

when offered in evidence by the executors. The will could not possibly illustrate any of the issues made by the pleadings. It would not have shown title in the testator. It will throw no light upon the extent of the gift which was alleged to have been made twenty years before the death of the testator. Testimony which sheds no light upon any of the issues made by the pleadings should be excluded.

3. The plaintiffs offered in evidence the official appraisement made of the testator's estate. We do not see how this appraisement, made many years after the alleged gift, could illustrate the question as to whether he had made such a gift or not. There was no error in excluding it.

4. A witness was permitted to testify, over the objection of the plaintiffs, that she heard George S. Rives say that "the land was David's and Nancy's. He said he bought the land with David's and Nancy's money that they got from their grandparents; that he invested it for them in the Evans place. . . It was soon after he bought the land." We think this was admissible as tending to show a motive for the gift. Although he took the title to the land in his own name, the fact that the money he paid for it came from the source mentioned by him may have been an inducement to him to give a portion of it to one of the children. Of course, if the purpose of its introduction was to engraft a parol trust on the deed which he had taken in his own name, it would not have been admissible; but it was not admitted for that purpose.

5. After the amendment above referred to was made by the administrator of D. L. Rives, title in the intestate was claimed only in that part of the Evans place which lay south of Island creek. The plaintiffs introduced in evidence a son of D. L., who testified that his father pointed out to him an old hedge-row as the

boundary of his land, and that his father said that he did not claim any of the land north of that, or between that and Island creek. A considerable portion of the land claimed lay between the old hedge-row and Island creek. The plaintiffs requested the court to charge that if D. L. Rives pointed out the old hedge-row as his line and disclaimed title to the land north of that, such disclaimer would amount to an estoppel, and his administrator could not recover the land lying between the hedge-row and the creek. The court refused to give this in charge, and was right in so doing. If the original gift embraced all the land to Island creek and the donee had been in possession a sufficient length of time to ripen into a title under the gift, his declarations made to his son would not estop him from insisting on the amount of land embraced in the gift, it not appearing that the donor was present or ever heard of the declarations, or acted upon them in any way to his injury. "Nobody ought to be estopped from averring the truth or asserting a just demand, unless by his acts or words, or neglect, his now averring the truth or asserting the demand would work some wrong to some other person who has been induced to do something or to abstain from doing something by reason of what he had said or done or omitted to say or do." 2 Herman on Estoppel, §760.

6. The court charged the jury, in substance, that if D. L. Rives held the land exclusively for seven years in the lifetime of his father, without payment of rent, they should find for his administrator, unless the evidence showed further that within that seven years he disclaimed title or acknowledged a dominion claimed by his father. Even if this charge was, in the abstract, correct, we do not think it should have been given under the particular facts of this case. It is very evident from a reading of this record that the true boundary of the

land claimed to have been given by the father to the son was in great doubt. The son, in his answer to the petition, claimed the whole 1,700 acres embraced in the Evans tract. When he died his administrator claimed only 1,200 acres, and fixed the boundary at Island creek. The testimony of D. L. Rives's son to the effect that D. L. claimed only to the hedge-row, although, as we have held, it did not estop his administrator from claiming to Island creek, throws light on the question and tends to shows that D. L. regarded the hedge-row as the true boundary. This declaration, if made by D. L., might be as effectual against the claim of his estate as to the boundary, as if it had been made before the seven years had expired. A man may think he has title to a whole tract of land as a gift from his father, and may be of that opinion for more than seven years after the gift, but he may become convinced after that that his true boundary does not include the whole tract, and may disclaim title to land outside of the true boundary. His disclaimer might be viewed by the jury as settling the true boundary, especially when there is doubt as to where the true boundary is. We think, therefore, that the judge should not have ignored this testimony in his charge, but should have left it to the jury to say what effect should be given to it as indicating where the boundary was. In other words, the court should not have eliminated all the conduct and declarations of D. L. Rives after the first seven years had expired, touching the true boundary of the land. The evidence of disclaimer related, not to the gift, but to boundary, but the charge treats the evidence as if it related to the gift. The danger was that the jury would thus be misled and fail to give the disclaimer any consideration at all because it was not made within seven years.

7. The ruling embodied in the 7th head-note does not require further discussion.      *Judgment reversed.*