see no single fact or circumstance in this case which can be said to in any degree authorize the plaintiff to so possess himself of the elevator in the operator's absence. The cases cited by the learned counsel for respondent of passenger elevators with open doors have no application here. The facts and circumstances and usage are entirely different. There was no question for the jury, and the action should have been dismissed on defendant's motion.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

## AGON v. BARRY.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. VENDOR AND PURCHASER—ORAL CONTRACT—POSSESSION OF VENDEE—DEED.
    Where, in an action to compel delivery of a deed, plaintiff shows an oral contract of sale, possession under the contract, and payment of the price, he is entitled to judgment.

2. SAME—DEFENSES—PLEADING STATUTE OF FRAUDS.
    Where, in an action to compel delivery of a deed in accordance with an oral contract for the sale of land, defendant does not plead the statute of frauds, he cannot assail the contract because it is not in writing.

3. SAME—SUBSEQUENT SEALED AGREEMENT—MERGER.
    When an executor contracts orally for the sale of land belonging to his testator's estate, and subsequently an agreement under seal is executed, signed by the executor personally, the oral contract is not merged in the written one, and the executor may be compelled to deliver a deed pursuant to the oral contract.

4. SAME—DESCRIPTION—SEALED INSTRUMENT—EVIDENCE.
    Where an executor contracts orally for the sale of land belonging to his testator's estate, and subsequently an agreement under seal is executed, which is signed by the executor personally, in an action by the vendee to compel delivery of a deed in accordance with the oral contract the written contract may be looked to, to determine the description of the premises intended to be conveyed by the oral contract.

5. SAME—DEED—DESCRIPTION.
    Though there is a dispute as to a boundary of land which is the subject of a contract of sale, the vendee is entitled to receive a deed describing the land as described in his contract for the sale.

Appeal from trial term.

Action by Warren B. Agon against John S. Barry, individually and as executor, etc. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The action was brought to compel the delivery of a deed in accordance with the terms of a contract. The complaint alleges an oral contract made by plaintiff with defendant, John S. Barry, as executor of the last will and testament of William Stanton, deceased, for the sale of the so-called "Stanton Farm." He alleges and proves the taking possession of the farm immediately after the oral agreement, and a continued possession since. The oral purchase was for the sum of $5,375, all of which plaintiff paid to defendant, except the sum of $1,755,. and interest from April 1, 1899; and on April 13, 1900, and before this action was commenced, plaintiff tendered such sum and interest, with a deed for execution. Defendant refused to receive the sum tendered, or to execute the deed, on the sole ground that the deed did not properly describe the farm sold.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Charles I. Webster, for appellant.

Davinport & Hollister, for respondent.

KELLOGG, J.   The appellant's principal argument is that notwithstanding the oral agreement there was subsequently made a written agreement under seal, and this was signed by John S. Barry individually, and not as executor, and hence the executor could not be bound; that the land was the farm of William Stanton at the time of his decease, and John S. Barry, as executor, by the power conferred by the last will of William Stanton, was the sole person who could enter into a contract of sale.   Perhaps this argument would prevail if plaintiff was forced to stand on the written contract alone, but he alleges an oral contract with John S. Barry as executor, and the proof is abundant to sustain it?   He alleges possession and payment of the purchase price, and these proven facts are sufficient to entitle plaintiff to a deed of the Stanton farm.   Besides, the defendant does not plead the statute of frauds as a defense, so the verbal contract cannot be assailed because it was not in writing.   The oral contract may well stand, and the written contract also.   The oral is not merged in the written, because the parties are different.   John S. Barry and John S. Barry, executor, being one and the same person, the written contract may be looked into for description of premises which was in the minds of the parties.   The conclusion of the learned trial court, we think, was right. The defense is obviously technical.   It appears that defendant, as executor, offered a deed in which the premises are described by metes and bounds.   It also appears that there was a dispute as to the exact boundary line between the Stanton farm and the farm of John S. Barry, adjoining.   To settle this dispute in favor of Barry's contention, the defendant made a deed by metes and bounds, and this is the one offered to plaintiff, and that was refused by him. We think plaintiff was entitled to the Stanton farm as he purchased it, and the deed should describe it as it was described when the agreement was made.   The dispute over the division line is a matter for future consideration.

The judgment should be affirmed, with costs.   All concur; PARKER, P. J., in result.