### LOWNDES LUMBER COMPANY *v.* MASSEE & FELTON LUMBER COMPANY *et al.*

An equitable action by a vendor of timber against his vendee, and the latter's subvendees taking with notice, to cancel all the sales, including that to the subvendees, for an infection inhering in the first conveyance and common to all, and to restrain the subvendees in possession from cutting the timber pending the suit, may be located in the county of the subvendees' residence.

　　　　　　　MARCH 13, 1912.

Petition for injunction. Before Judge Frank Park. Grady superior court. September 5, 1911.

The Lowndes Lumber Company filed its petition for cancellation

and injunction, in the superior court of Grady county, against the Massee & Felton Lumber Company, a corporation with an office and agent in Grady county, the Grady County Lumber Company, a partnership, the members of which are residents of Grady county, the Kelly-Clark Lumber Company, and Arthur Kelly, of Grady county. It was alleged: The plaintiff purchased from the Grady Lumber Company 7,722 acres of pine timber, upon the terms contained in a bond for title, which it took as evidencing the contract of purchase. Subsequently the plaintiff entered into a contract for the sale of the timber to the Massee & Felton Lumber Company, and assigned to that corporation the bond for titles which it held from the Grady County Lumber Company. By the terms of this contract the Massee & Felton Lumber Company agreed to purchase all of the timber and timber privileges, and to pay to the plaintiff $2.50 per thousand feet, log measure, on a stumpage basis. "The terms of payment were, the Massee & Felton Lumber Company giving $20,-000, $10,000 of said amount represented in four notes delivered to your petitioner, and $10,000 payable to Grady Lumber Company, and the payment of the balance in monthly installments of $2,500 each, beginning on the 10th day of February, 1909; of said $2,500 installment, $1,200 of same, with interest, being payable directly to Grady County Lumber Company until said payments, with the cash already paid to said Grady County Lumber Company, were sufficient to discharge the purchase-price of the timber in full, and the remainder of each of said monthly installments of $2,500 payable to your petitioner on the 10th day of each and every month, beginning with the 10th day of February, 1909." The Massee & Felton Lumber Company has paid to the Grady County Lumber Company the installments of payment due to them; but has defaulted in its installments due to the plaintiff since February 10, 1909, aggregating $32,000, and has broken the contract of purchase, by refusing to make payments to the plaintiff agreeably to its terms. The plaintiff has offered to repay the Massee & Felton Lumber Company all sums advanced by it on account of the purchase-price of the timber, and has demanded that said company surrender possession of the timber and a cancellation of the assignment to it of the bond for title. The Massee & Felton Lumber Company is rapidly cutting the timber, manufacturing it into lumber, and causing a waste of the plaintiff's property. The Massee

& Felton Lumber Company has been negotiating a sale of the timber to the Kelly-Clark Lumber Company and Arthur Kelly, and if the sale has been consummated, it was with knowledge of the plaintiff's rights and equities. The prayers were: for a cancellation of the contracts of sale between the plaintiff and the Massee & Felton Lumber Company, and the latter company and the Kelly-Clark Lumber Company; for injunction against the Grady County Lumber Company from executing any deed of conveyance to the Massee & Felton Lumber Company; for injunction against all defendants against further cutting the timber and changing the status of the property; and for alternative relief against the Massee & Felton Lumber Company in damages, in the event the plaintiff is not entitled to the relief of cancellation. The petition was amended by making the Morris Lumber Company, a corporation of the State of Alabama, with an office and agent in Grady county, a party defendant, and by alleging that the timber was being cut by the Kelly-Clark Lumber Company under some arrangement, unknown to plaintiff, with the Morris Lumber Company, which had purchased the timber from the Massee & Felton Lumber Company with knowledge of plaintiff's rights and equities in the same; and a cancellation of the conveyance from the Massee & Felton Lumber Company to the Morris Lumber Company was prayed. The petition was again amended by alleging, that the Kelly-Clark Lumber Company is a partnership, whose members are stockholders of the Morris Lumber Company; that they are cutting the timber under a contract with the Morris Lumber Company; and that they were fully advised, at the time of making their contract with the Morris Lumber Company, of the plaintiff's rights and equities. Cancellation of this contract was prayed; also that the partners of the Kelly-Clark Lumber Company be enjoined from further cutting the timber. It was further alleged in the amendment, that according to the contract between the plaintiff and the Massee & Felton Lumber Company, the latter company was to keep accurate accounts of the timber cut, showing the amounts which would be due to the plaintiff; and that by the sale and surrender of possession of the property it has put it out of its power to comply with this provision of the contract; it has failed and refused to keep an account of the cutting, and has attempted to delegate this power to transferees, who are strangers to the plaintiff.

The Massee & Felton Lumber.Company and the Kelly-Clark Lumber Company are not cutting the timber in the manner prescribed in the plaintiff's contract with the Massee & Felton Lumber Company, in that merchantable timber of the kind and quality described in the lease is not being cut, but only the best and most accessible timber is being cut, leaving uncut large quantities of poorer and more inaccessible timber. The name of Arthur Kelly was stricken as a defendant.

The Massee & Felton Lumber Company specially pleaded that it was a corporation of Bibb county, Georgia, and that the superior court of Grady county was without jurisdiction to entertain the suit. Subject to its special plea, it filed its demurrer and answer. The Morris Lumber Company also pleaded to the jurisdiction of the court, and filed an answer subject to its special plea. The local defendants also pleaded to the jurisdiction, on the ground that no substantial relief was prayed against them. On the interlocutory hearing the court passed the following order: "It appearing to the court that Massee & Felton Lumber Company, one of the defendants herein, is a corporation organized and with its principal office in the county of Bibb, State of Georgia, this court is of the opinion that it is without jurisdiction to entertain said bill; and the prayer for temporary injunction is therefore denied upon the sole ground for want of jurisdiction in this court, and without a consideration of the evidence of the case upon its merits." The plaintiff excepted.

*Moore & Pomeroy* and *M. L. Ledford,* for plaintiff.

*Lane & Park, R. C. Bell,* and *Denmark & Griffin,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) The plaintiff alleges that it sold and conveyed certain timber to the Massee & Felton Lumber Company, which in turn sold and conveyed it to the Morris Lumber Company, which delivered possession of it under a contract to the Kelly-Clark Lumber Company, who are cutting the same. The Morris Lumber Company is a corporation of the State of Alabama, with an office and agent in Grady county; the Kelly-Clark Lumber Company is a partnership, the members of which reside in that county. The suit is located in Grady county, and the petition contains prayers for the cancellation of the several conveyances and contracts of purchase, and for the writ of injunction to preserve the status pending the suit. The plaintiff bases its right

to have the last two sales canceled on the right to rescind its contract of sale made with the Massee & Felton Lumber Company. The suit is therefore to cancel three conveyances for an infection inhering in the first conveyance, but which affects the others because the vendees therein are alleged to have taken with notice. We are not concerned with the question whether the plaintiff is entitled to a rescission of its contract with the Massee & Felton Lumber Company, or whether its vendees are bona fide purchasers; for the reason that the judge certifies that he did not pass on the merits of the case, but found that the Massee & Felton Lumber Company was a Bibb county corporation, and held that the court was without jurisdiction to entertain the suit. So that the question submitted under the assignment of error is whether the court did have jurisdiction to pass on the merits of the case. The Morris Lumber Company is a foreign corporation with an agent and place of doing business in Grady county, and the members of the partnership Kelly-Clark Company are residents of that county, and the suit is located in the county of their residence. Is there substantial relief prayed against them? It is sought to cancel their contracts, under which they claim title to and possession of the timber. This is a claim for substantial relief. The prayer for injunction is incidental to the relief of cancellation. A suit to cancel a deed or conveyance may be located in the county of the grantee's residence. *Coker* v. *Montgomery*, 110 *Ga.* 20 (35 S. E. 273). It was proper to join the Massee & Felton Lumber Company as a party defendant, as the plaintiff's right of cancellation of the contracts of sale, by virtue of which the resident defendants claim title to and possession of the timber, depends upon the cancellation of the assignment of the plaintiff's bond for title to them. Where there are several persons residing in different counties, interested in the subject-matter of an equitable petition, a court of equity, having all the parties before it and having acquired jurisdiction for the purpose of canceling a deed, will decree full and perfect relief to all the parties touching the subject-matter involved. *Fulgham* v. *Pate,* 77 *Ga.* 454. In reversing the judgment we are not to be understood as passing upon the merits of the case; and our decision simply extends to holding that the court had jurisdiction, under the allegations of the pleadings, to entertain the suit.

*Judgment reversed. All the Justices concur.*