## BURKHALTER *v.* ROACH; *et vice versa.*

1. In a suit by a vendee against his vendor, for specific performance of a written contract for the sale of land, where the prayer of the vendee is to compel the execution of a deed containing a description different from that in the contract of sale, the contention being that the land in the two descriptions is the same, but as to this there being an issue of fact, it is not error to instruct the jury that the vendor "would not be bound to convey any other tract of land than the land she sold, and equity would not decree a performance, if she offered to do that and it had been refused."

2. Before equity will decree specific performance of a contract for the sale of land, there must be an unconditional tender of the purchase-price. An offer to pay the purchase-price on delivery of a properly executed deed is not an unconditional tender. Tender by the vendee before suit is excused, if the vendor by conduct or declaration proclaims that if a tender should be made acceptance would be refused.

3. Ordinarily in a contract for the sale of land time is not of the essence of the contract. Courts lean against such construction, for the reason that it would result in the enforcement of a penalty, and because interest is ordinarily treated as full compensation for the delay. Where time is not of the essence of the contract (as it was not in this case), the non-payment of the purchase-price or any installment thereof, at the time stipulated in the contract, would not of itself authorize a rescission or forfeiture of the contract in a suit in equity by the vendor. Where a vendor for equitable reasons is entitled to a rescission for non-payment of the purchase-price when due, and notifies the vendee of his intention to claim a rescission if the purchase-money is not paid within a certain time, that time must be reasonable in view of all the circumstances.

4. A vendee, upon payment of the purchase-money, is not entitled to have his vendor execute a deed to him purporting to convey land described

differently from that contained in the contract of sale, and with recitals
and admissions of fact not contained in the contract of sale.
SEPTEMBER 16, 1914.

Equitable petition. Before Judge Sheppard. Tattnall superior
court. July 11, 1913.

G. V. Burkhalter brought suit against Mrs. Amanda A. Roach,
alleging that he and the defendant entered into the following writ-
ten contract for the purchase of land: "This agreement made
and entered into between Amanda Roach and G. V. Burkhalter,
both of Tattnall County, Georgia, as follows: The said G. V. Burk-
halter agrees to buy and the said Amanda Roach agrees to sell
to said Burkhalter 1040 acres, more or less, of land in the 401st
G. M. District of Tattnall County, bounded north by Canoochee
river and J. F. Sands' lands; east by Canoochee river; south by
Huot lands, Amanda A. Roach lands, and lands of H. J. Durrence
estate; and west by lands of G. V. Burkhalter, J. M. Deloach, and
H. J. Durrence estate, for the sum of three thousand and nine
hundred dollars ($3,900) to be paid as follows: ten dollars ($10)
this day November 15th, 1904, one thousand nine hundred and
fifty dollars ($1,950) on or before January 1st, 1905, and one
thousand nine hundred and forty dollars ($1,940) January 1st,
1906, with interest on the last note at 5 per cent. from date; bond
for title to be made January 1st, 1905, on payment of the said one
thousand nine hundred and fifty dollars ($1,950). It is further
agreed that if the said Burkhalter wishes to dispose of the turpen-
tine privileges on said land, he has the right to do so, upon pay-
ment to the said Amanda Roach of one thousand dollars ($1,000)
before any of said timber has been boxed or molested. This No-
vember 15th, 1904." In pursuance of the contract the plaintiff
was let into possession of the premises by the defendant, with the
exception of a certain house which he had contracted to rent to the
son of the defendant until January 1st, 1906. Plaintiff paid all of
the purchase-money except $2,160, which he tendered to the defend-
ant on December 23, 1905, which tender was refused. On Decem-
ber 30, 1905, he again tendered to the defendant the balance due
under the contract, and she refused to accept the money and give
him a receipt therefor, or to make him a deed to the land, which
deed he had prepared for her to sign, and which has been in her
possession since the date of the first tender. Before the last pay-

ment under the contract matured the defendant stopped petitioner's mill, which was located on the premises, from grinding corn, and demanded of another of petitioner's tenants that he leave the premises by the 1st of January, 1906; and she has done divers acts of trespass upon the land and interfered with his possession. The land described in the contract of sale was all of the western half of a larger area of land formerly owned in common by Dr. J. W. Roach and Dr. L. V. Huot; and since the making of this contract of sale, by agreement the defendant has conveyed a certain tract of land to her son. When the plaintiff made the first tender he presented to the defendant a deed for her signature. In that deed the land was described as being the western half of the land owned in common by J. W. Roach Sr. and L. V. Huot, with certain described boundaries, less four described tracts of land which had been conveyed from the western half, three of which conveyances were executed by J. W. Roach and one by Amanda A. Roach. The plaintiff alleges that the land described in the deed submitted to the defendant for execution is the same as that described in the written contract of sale. He prays for specific performance of the contract of sale, in that the defendant be decreed to execute the deed which he prepared and presented to her, and that he recover damages for counsel fees and expenses of litigation.

The defendant filed demurrers and an answer in the nature of a cross-petition. In her answer she admitted her agreement to sell the land described in her written contract with the plaintiff, on the terms therein stated; and averred as follows: Prior to January 1, 1905, the plaintiff received for the turpentine privileges on the land $1,000, which he paid to her; he also paid $850 January 1, 1905. Not having complied with the terms of his agreement, he did not demand from the defendant a bond for title, and no bond was given to him. The balance due of the purchase-money was tendered to her by him, on condition that she should execute and deliver to him the deed a copy of which is attached to his petition. She declined to execute that deed, for the reasons that it is not in accord with the terms of her contract of sale, and does not convey the land as described therein. When the last tender was made she then and there agreed to accept the purchase-money, waive the plaintiff's non-performance of the contract, and execute to him a deed to the land embraced in the contract. This proposition was

rejected by him. Thereupon, on December 30, 1905, she notified him in writing that unless he would make payment to her, by January 1, 1906, of the balance of the purchase-price, and accept a deed as described in the contract of sale, she would rescind the contract and relieve herself of all obligations to comply with the terms thereof. He wholly refused to accept a deed in terms of the written contract, and insisted upon her execution of a deed prepared by him, which embraces other lands than described in the contract, he well knowing that if she executed the deed demanded by him she would be involved in great litigation. She was in possession of the land, acquired in this way: Prior to the contract of sale she had rented the land to John W. Roach for a period of one year from January 1, 1905. Plaintiff was informed and fully aware, at the time of making his contract of sale, that J. W. Roach was to pay this defendant $125 as rent of the land for the year 1905. After making the contract of sale with defendant, plaintiff made some arrangement with J. W. Roach, by which he cultivated the cleared lands on the place for the year 1905. The rent was never paid to defendant by J. W. Roach, nor by the plaintiff, who sublet the land without the consent of defendant. John W. Roach retained possession of the dwelling-house and outhouses on the land during the year 1905, and before the expiration of the lease defendant moved in and took possession of the premises, with the consent of her tenant, John W. Roach; and, having rescinded the contract of sale between herself and the plaintiff, she retains possession, and is willing and offers to do whatever is right and equitable between her and him. She is willing to refund such part of the purchase-money paid her by the plaintiff as may seem meet and right, after deducting the reasonable rent of the premises for the year 1905; she is not required to refund the $1,000 derived from the sale of the turpentine privileges on the land; but she offers to return the balance of the money paid by the plaintiff, less the reasonable rent of the premises. She prayed, that the contract of sale between her and the plaintiff be decreed to be rescinded and set aside, and that the rights of plaintiff and defendant be determined by the final decree of the court, the defendant offering to do equity.

The demurrers were overruled, and the following verdict was rendered: "We, the jury, find for the defendant her land and $700 for rent of farm." The plaintiff made a motion for new trial,

which was refused, and he sued out a bill of exceptions. The defendant complains, by cross-bill of exceptions, of the overruling of the demurrers to the petition.

*Way & Burkhalter,* for plaintiff. *John P. Moore, Anderson & Girardeau,* and *Hines & Jordan,* for defendant.

EVANS, P. J. (After stating the foregoing facts.)

1. Courts in proper cases will require parties to specifically perform their contracts, but courts have no power to make contracts for the parties. The plaintiff and the defendant entered into a written contract for the sale of land. The premises were described as calling for certain abutters and a natural landmark. There is no allegation of misdescription, nor any prayer for relief against an erroneous description. The plaintiff attaches to his petition a deed wherein the description is different from that in the contract of sale, and asks a decree compelling its execution by the defendant. He submitted evidence tending to prove that the land described in the contract of sale was the same as that described in the deed which he was seeking to have the defendant execute. On the other hand, the testimony of the defendant was to the effect that there was a substantial difference between the two descriptions. The defendant was obligated to sell the land as described by her, and the courts will not compel her to execute a deed to land differently described. What the plaintiff is entitled to, upon payment or tender of the purchase-money, is a performance of the contract which the defendant obligated herself to perform; and that is, to execute a deed having the description of the land as contained in the contract. Accordingly, it was not error to instruct the jury that the defendant "would not be bound to convey any other tract of land than the land she sold, and equity would not decree a performance, if she offered to do that and it had been refused."

2. There was no contest between the parties that the amount tendered by the plaintiff was the full amount due under the contract. The defendant claimed that both tenders were coupled with the demand that she execute a deed. Such a tender is not unconditional. *DeGraffenreid* v. *Menard,* 103 *Ga.* 651 (30 S. E. 560); *Terry* v. *Keim,* 122 *Ga.* 43 (49 S. E. 736). On the other hand, the plaintiff's testimony tended to show that the tender was unconditional. Further, the plaintiff introduced testimony tending to show conduct on the part of the defendant, prior to the maturity of the

last payment, evincing a purpose on her part not to perform the contract. Such conduct will excuse a tender. *Miller* v. *Watson,* 139 *Ga.* 29 (76 S. E. 585).

3. The statement in the defendant's answer that she notified the plaintiff that unless he performed his contract by January 1, 1906, she would rescind it, is apparently an inadvertent error as to the date, inasmuch as the notice which was introduced in evidence shows that the plaintiff was given until January 6, 1906, to make the payment. Ordinarily in a contract for the sale of land time is not of the essence of the contract. Courts lean against such construction, for the reason that it would result in the enforcement of a penalty, and because interest is ordinarily treated as full compensation for the delay. *Ellis* v. *Bryant,* 120 *Ga.* 890 (48 S. E. 352). So that the non-payment of the purchase-price or any installment thereof at the time stipulated in the contract will not, of itself, authorize a rescission or forfeiture of the contract by the vendor. 39 Cyc. 1368; *Lytle* v. *Scottish American Mortgage Company,* 122 *Ga.* 458 (50 S. E. 402). The court, in varying forms, instructed the jury that if the plaintiff failed and refused to perform his part of the contract, namely, make the payments as therein specified, the defendant would have the right to rescind the trade, provided she restored him to his original position. The vendor's right to an equitable rescission, according to the court's instruction, was made to depend entirely upon the payment of the purchase-money at maturity. Other circumstances must concur, to authorize a decree of rescission of a contract, than the mere non-payment of the purchase-money at maturity; and even in those cases where a vendor would be entitled to rescind after the failure of the vendee to pay the purchase-money when due, and notice is given that the vendor will claim a rescission if the vendee fails to perform within the time specified in the notice, such time must be a reasonable one, and its reasonableness is a question for the jury.

4. It is contended that the demurrer was properly overruled, because the contract sought to be specifically enforced is alleged to embrace the same land described in the deed which the plaintiff specifically prayed that the defendant should execute, and that on demurrer the identity of the land is admitted. The boundaries of the land contained in the contract of sale are different from those given in the deed. The description in the contract is simple and

definite, while that contained in the deed is very complex. Not only is there a variance in boundaries, but the deed enlarges the acreage and contains a recital that the land conveyed is the western half of a tract formerly owned in common by Dr. J. W. Roach and Dr. L. V. Huot, which had never been divided between these tenants in common. The contract contained no reference to such recitals. The defendant contracted to convey the land lying within certain boundaries, and the plaintiff is not entitled to a decree requiring her to execute a deed to land within different boundaries and containing recitals and admissions of fact connected therewith which were no part of her contract of sale. This rule has been carried to the extent that specific performance of a parol gift of a definite part of a tract of land will not be decreed on proof that the whole tract was given. *Rives* v. *Lamar,* 94 *Ga.* 186 (7), 187 (21 S. E. 294). The petition should have been dismissed on demurrer, upon the ground that plaintiff was demanding of the defendant a conveyance of land different from that embraced in the defendant's contract of sale. *Stricker* v. *Tinkham,* 35 *Ga.* 176 (89 Am. D. 280) ; *Tumlin* v. *Vanhorn,* 77 *Ga.* 315 (3 S. E. 264).

*Judgment reversed on both bills of exceptions. All the Justices concur.*