## TURMAN, executor, *et al. v.* SMARR.

1. Where an equitable petition alleged that the plaintiff held possession of land under a lease, which included an agreement that, if the property should be sold during the term, it might be canceled, but that before any sale to another should be made the property should be offered to the lessee at the price which might be offered for it, he having the refusal to buy, and that the lessor and another colluded together and the property was sold to the latter and a bond for title made to him on terms different from those reported to the lessee, and there were prayers for the cancellation of such bond, for specific performance by the lessor, and for injunction to restrain interference with the plaintiff's possession, such substantial relief was sought against the purchaser who held the bond for title as to authorize the petition to be filed in the county of his residence.

2. If one of the parties to a contract, who is bound to sell land to the other, places himself in a position where it is beyond his power to perform his obligation thereunder, no tender before suit by the other party, who is able and willing to perform, is necessary. And tender before suit may be excused on the part of one party to a contract, claiming the right thereunder to purchase land, who is able and willing to perform it, where the other by conduct or declaration proclaims that, if a tender should be made, acceptance would be refused.

3. Where a contract of lease at a specified annual rental, which the lessee agreed to pay, contained a privilege to him to purchase the property during the term at such amount as might be offered for it by another, this contract for an option was supported by the general consideration for the entire contract, and was not unenforceable on the ground that it was merely unilateral.

4. The petition was not subject to general demurrer.

June 14, 1916.

Complaint. Before E. F. Dupree, judge pro hac vice. Spalding superior court. October 15, 1914.

Smarr filed his equitable petition, in the superior court of Spalding county, against Mrs. Cornelia Cunningham of Fulton county, and A. W. Walker of Spalding county. The plaintiff sought to have canceled a bond for title which Mrs. Cunningham had executed to Walker, binding her, on the making of certain payments, to convey to him a tract of land in Spalding county; to obtain a decree of specific performance, requiring Mrs. Cunningham to execute to the plaintiff a bond for title to the land; and to obtain an injunction to restrain interference with the possession of the plaintiff, who had been put in possession as the lessee of Mrs. Cunningham, under a contract containing an option to pur-

chase on certain terms. A demurrer to the petition was overruled, and the defendants excepted. Mrs. Cunningham having died, Turman, her executor, was made a party in her stead. The other facts sufficiently appear in the opinion.

*E. J. Reagan* and *W. H. Beck,* for plaintiffs in error.

*Cleveland & Goodrich, W. E. H. Searcy Jr.,* and *Willingham & Willingham,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. The object of the petition was to cancel a bond for title which one of the defendants, Mrs. Cunningham, had made to the other defendant, Walker, to enjoin interference with possession of the plaintiff, and to compel specific performance on the part of Mrs. Cunningham of an alleged written contract to permit the plaintiff to purchase the property of the defendant at the price which might be offered by any other proposed purchaser. Mrs. Cunningham resided in Fulton county. The other defendant resided in Spalding county. The petition was brought in the latter county. The first question is, whether such substantial relief was prayed against the defendant residing in Spalding county as authorized the suit to be brought there instead of in Fulton county. Full relief could not be obtained by the plaintiff without the cancellation of the bond for title. To have filed an equitable petition for specific performance against Mrs. Cunningham alone, ignoring the bond, would have been to fight only one half of the battle in one case, leaving the other half to be fought in another action. A decree against Mrs. Cunningham for specific performance in a separate suit would not have bound her codefendant, Walker. He would still have held her bond for title, and could have claimed that she was bound to convey the property to him. His interest was substantial. It was a claim to have a conveyance of the property upon payment for it, and to have the possession of it, not for Mrs. Cunningham, but for himself. It has been held that an equitable action wherein it is sought to cancel a deed may be brought in the county of the residence of the grantor or that of the grantee. *Coker* v. *Montgomery,* 110 *Ga.* 20 (35 S. E. 273); *Lowndes Lumber Co.* v. *Massee & Felton Lumber Co.,* 137 *Ga.* 791 (74 S. E. 531); *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694); *Miller* v. *Watson,* 139 *Ga.* 29, 33 (76 S. E. 585). The same principle would apply to the cancellation of a bond for title. If the plain-

tiff could file his equitable petition in the superior court of Spalding county for the purpose of cancelling the bond for title, and make both Mrs. Cunningham and Walker parties to the action, there is no reason why he could not obtain complete relief in that proceeding, and, if entitled thereto, in addition to a decree of cancellation, obtain also a decree requiring her to make the bond for title to the plaintiff instead of to Walker, upon compliance by the plaintiff with the contract of purchase. This case is different from those where it was sought to file an equitable petition against the only substantial defendant in a different county from that where such defendant resided, by making a tenant or agent a party. A prayer for injunction, incidental to the substantial relief, might not suffice to authorize the bringing of this suit in Spalding county. But the cancellation of the bond was not an incident, but an important and substantial matter.

2. It was contended that the plaintiff had not tendered to Mrs. Cunningham the cash payment or the notes which he claimed she was bound to receive. But it was alleged that she had repudiated the contract with the plaintiff, and made the bond for title to Walker, thus putting it out of her power to comply with her trade with the plaintiff, without cancelling the trade with Walker. There were also sufficient allegations of willingness and ability to comply on the part of the plaintiff, and an offer to make the cash payment and deliver the necessary notes for the deferred payments. Under such circumstances an allegation of tender was unnecessary. *McLeod* v. *Hendry,* 126 *Ga.* 167 (54 S. E. 949) ; *Pearson* v. *Horne,* 139 *Ga.* 453 (77 S. E. 387) ; *Burkhalter* v. *Roach,* 142 *Ga.* 344 (82 S. E. 1059).

3, 4. The petition was not subject to general demurrer. It alleged, that the plaintiff entered into a written contract of lease with Mrs. Cunningham as the owner of the land; and that in it were contained the following provisions: "It is further agreed that in the event this property should be sold during this lease, owner is to have the right to cancel the lease at the end of the year; but before any sale is made, the property is to be offered to said Smarr first at the price which may be offered for the property, said Smarr having the refusal to buy in the event of a sale." It was further alleged that she and her codefendant, Walker, colluded together; that a certain pretended offer of purchase was

reported to Smarr, the plaintiff; that finally he was informed of an offer to buy the place at the price of $19,000, one half payable in cash, and one half "on terms at eight per cent. per annum," and he was given only a few hours in which to buy at that price; that this time was grossly insufficient, and the terms themselves were not specific; and that in fact, when he did not purchase within the time allowed, Mrs. Cunningham sold the place to Walker and made him a bond for title at the purchase-price of $20,000, of which only $2000 was to be paid in cash, and promissory notes were given for the balance in installments, the last of which would fall due January 1, 1916, the bond being dated October 19, 1909. The contention that this written contract of lease, containing mutual obligations and including the option on the part of the plaintiff to buy the property, was unilateral, or without consideration, is without merit. *Wellmaker* v. *Wheatley,* 123 *Ga.* 201 (51 S. E. 436). 　　　*Judgment affirmed. All the Justices concur.*