## BURKHALTER v. ROACH.

1. Where a petition, or motion, to set aside a judgment of the Supreme Court, is made in the superior court on the ground that the basis of the decision of the Supreme Court was a document inserted in the record by the fraud of the plaintiff and her counsel in the cross-bill of exceptions; and where it appears from the record that it was approved and certified by the proper officials, such record imports verity on its face, and will be so treated by the Supreme Court in the consideration of the case, in the absence of a proper and timely showing made to the contrary.

2. Under the allegations of the petition the court did not err in sustaining a demurrer and dismissing the motion to set aside the judgment of the Supreme Court.

No. 1429. NOVEMBER 20, 1919.

Motion to set aside judgment. Before Judge Sheppard. Evans superior court. March 25, 1919.

*W. T. Burkhalter*, for plaintiff in error.

*P. M. Anderson, E. C. Elmore*, and *Hines, Hardwick & Jordan*, contra.

HILL, J. 1. Should the judgment of the Supreme Court, rendered in the case of *Burkhalter* v. *Roach*, 142 *Ga.* 344 (82 S. E. 1059), be set aside for the reasons set out in the plaintiff's motion, one of these reasons being that the record contained a copy of the blank deed containing what purported to be a description of the lands in controversy, which description was at variance with the description in the alleged contract of sale sought to be specifically enforced, and which was the basis of the decision of the Supreme Court in the case of *Burkhalter* v. *Roach*, supra, and which copy deed was withdrawn during the pendency of the trial in the court below by order of the court, and therefore that it should not have been incorporated as a part of the petition which was in the record sent to the Supreme Court? It is insisted that the order of the trial court withdrawing the copy deed should have appeared in the record when the Supreme Court passed upon the case. It is insisted that the incorporation of the copy deed in the record, and the omission of the order withdrawing the copy deed, was brought about by the fraud of the defendant in error and her counsel. To the petition, or motion, to set aside the judgment of the Supreme Court, a demurrer was filed, which was sustained, and the plaintiff in error excepted. A brief history of the case may serve to clarify the situation. A suit was filed in the superior court. The defend-

ant demurred to the petition. The demurrer was overruled, and defendant filed a bill of exceptions pendente lite to that ruling. After verdict for the defendant, the plaintiff made a motion for new trial, which was overruled, and the plaintiff excepted. The defendant sued out a cross-bill of exceptions, assigning error on the overruling of the demurrer to the petition. The judgment of the trial court was reversed on both bills of exceptions. See *Burkhalter* v. *Roach,* supra. Each of the judgments rendered by the Supreme Court was made the judgment of the superior court, which had the effect of dismissing the petition pending in the superior court. Subsequently, on May 26, 1917, the defendant in error, Mrs. Amanda A. Roach, brought her action in the superior court against G. V. Burkhalter, to recover the land in controversy. On January 30, 1918, the plaintiff in error, G. V. Burkhalter, filed his motion to set aside the judgment of the Supreme Court (142 *Ga.* 344) for the above-stated reasons, and also to set aside the two judgments in the superior court making the judgment of the Supreme Court the judgment of the superior court; and an order was taken requiring the defendant to answer the motion and for service to be perfected on her. A demurrer to the motion, or petition, having been sustained, and the motion to set aside the judgment of the Supreme Court and the two judgments of the superior court having been dismissed, the plaintiff in error excepted. We think the court below properly sustained the demurrer and dismissed the motion. It does not appear from the petition, or otherwise, how the defendant in error or her counsel perpetrated a fraud upon the plaintiff in error. By reference to the record in the case reported in the 142 *Ga.* (supra), it appears that the copy deed followed the petition in the main bill of exceptions, which petition was specified by the plaintiff in error as being material to a clear understanding of the errors complained of, and the entire record was properly certified by the proper authorities. If a record is not properly made up and contains matters which ought to have been omitted, it is the duty of parties to the case to see that they are omitted, or, if portions of the record which are omitted ought to be included, to suggest a diminution of the record. There was nothing in the record, and no suggestion from counsel on either side, to call attention of this court to the fact, if such be the fact, that the one document was absent from the record, and the other was

incorporated therein, because neither should have been. When records are sent to this court properly verified, they import verity on their face. *Georgia, Fla. & Ala. Ry.* v. *Lasseter,* 122 *Ga.* 679, 684 (51 S. E. 15). In the absence of timely and appropriate suggestion or motion, showing them to be otherwise, they will be so treated by this court. We do not mean to intimate, where neither of these things has been done, and fraud has been perpetrated upon a party or his counsel by counsel or party on the other side of the case, that on a proper and timely showing the judgment of this court, based upon fraud, may not be set aside by a judgment of the superior court. See *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922). But what we decide in this case is that the allegations of the petition, assuming them to be true, do not make such a case of fraud on the part of the plaintiff in error or her counsel in the cross-bill of exceptions formerly decided by this court (142 *Ga.* supra) as would justify the superior court to set aside the judgment of the Supreme Court. We therefore conclude that the trial court committed no error in sustaining the demurrer and in dismissing the motion.

*Judgment affirmed. All the Justices concur, except George, J., absent.*