GOOD REPORT REALTY CORPORATION and Another, Respondents, *v.* JOSEPH PINE, Appellant.

Second Department, December 2, 1932.

*James A. Turley* [*Boardman Wright* with him on the brief], for the appellant.

*Monroe J. Cahn*, for the respondents.

PER CURIAM. The plaintiff Good Report Realty Corporation, on February 25, 1929, entered into a contract for the purchase of

certain lands of the defendant. The plaintiff Edith L. Just guaranteed the performance of the contract. The property sold was described by metes and bounds, with certain exceptions, those material here being as follows: " Secondly, so much of the above described premises as was taken by the Larchmont Water Company for a right of way 75 feet wide running from the old right of way on a curve to the right to Weaver Street and Thirdly, so much of the above described premises as lies between said 75 foot right of way of the Larchmont Water Company, Weaver Street and said old right of way aforesaid."

The date of closing was eventually fixed as May 29, 1929. On that day the purchaser rejected title on the ground, among others, " that the exact location and dimensions of the boundary lines of the premises cannot be determined. Also, on the further grounds that the exact location of the easement or right-of-way referred to in the description in the within Contract cannot be located." This action is to recover payments made, it being the claim of the plaintiffs that the property is unmarketable because the boundaries of the right-of-way could not be fixed.

We think it was sufficient if the vendor offered a deed to the property with the same description as that contained in the contract. (*Agan* v. *Barry*, 66 App. Div. 101; *Burkhalter* v. *Roach*, 142 Ga. 344, 348.) If the purchaser was not aware of the precise or approximate location of the boundaries of this right-of-way and wished to be advised more fully in relation thereto, it should have made inquiry of the vendor and expressed its dissatisfaction and unwillingness to enter into the contract in the form proposed before it executed the same. It was not misled into taking a title that might prove to be unmarketable, for it had full knowledge of the indefiniteness of the boundaries at the time the contract was made. (*Interborough Rapid Transit Co.* v. *Littlefield*, 166 App. Div. 567; affd., 218 N. Y. 745.)

It appears that there was no record or map on file showing the boundaries; but there was a map, apparently in the hands of the owner of the easement, which before the date of closing title came into the hands of the representatives of the purchaser. This showed the approximate location of the easement, although evidently it did not give definite dimensions. Still another map was obtained, and from the two and by making certain measurements this representative of the purchaser was able to make a map as early as May sixteenth. Subsequently the mathematical data were placed on another map made by the representative of the purchaser and a monument placed on the ground; and that map was filed. This, however, was subsequent to the closing day.

It is apparent that before the closing day the purchaser had sufficient information so that it knew the approximate location of the easement, if such knowledge was legally required. The refusal to carry out the contract and accept the deed we regard as an arbitrary act not justified under the facts or the law.

Therefore, the judgment should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs. Certain findings will be reversed and new findings made.

LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and DAVIS, JJ., concur.

Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings are reversed as follows: " Tenth," " Eleventh," " Twelfth," " Thirteenth," " Fourteenth," " Seventeenth; " and all conclusions of law are disapproved. New findings are made as follows: Defendant's proposed findings " Eighth," " Ninth," " Eleventh," " Twelfth," " Thirteenth," " Fourteenth," " Fifteenth," " Sixteenth; " and conclusions of law " 1 " and " 4."