UNITED STATES of America

v.

252.57 ACRES OF LAND, MORE OR LESS, SITUATE IN FORSYTH, HALL AND LUMPKIN COUNTIES, State of GEORGIA, and Beulah Millwood, et al.

Civ. A. No. 720.

United States District Court
N. D. Georgia,
Gainesville Division.

Aug. 30, 1957.

James W. Dorsey, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for the government.

R. Wilson Smith, Jr., Gainesville, Ga., for defendant, Ernest Moore.

SLOAN, District Judge.

On November 14, 1955, Ernest Moore executed an option to the United States for the purchase of the above numbered tracts at the price of $5,500 and this option was accepted by the United States on December 19, 1955.

On December 28, 1956 the United States filed this civil action seeking to condemn a number of tracts of land, including Tracts I–982, I–982–E–1, and I–982–E–2. On January 3, 1957 a judgment on the declaration of taking and an order fixing the date of possession was signed by the Court.

On February 19, 1957, Ernest Moore filed his answer and intervention in this proceeding in which he denies that the sum of $5,500 is just compensation for said tracts and denies that such sum is the market value thereof and alleges that the reasonable value and just compensation for the tracts of land designated as I–982, I–982–E–1, and I–982–E–2 is the sum of $10,000 and that he is the owner of said tracts and he prays that he be granted a judgment in that amount.

The United States of America has filed a motion for a summary judgment in its favor dismissing the answer of Ernest Moore and adjudging that the just compensation for said tracts to be $5,500, inclusive of interest, at the time of taking according to the terms of said option, on the ground that there is no genuine issue as to any material fact and that it is

entitled to judgment in such amount as a matter of law. This motion is now before the Court for determination.

In his response to the motion the defendant, Ernest Moore, among other things, alleges that although the option given by him to the United States on November 14, 1955 was duly accepted, that no money was paid into the Registry of the Court until December 28, 1956, more than thirteen months from the date of the option; that the United States did not pay the purchase price within a reasonable time and waited longer than a reasonable time to examine and approve the title and during which time the defendant lost rents and crops from the land for 1956 and that he has received nothing from the United States and that by reason of these facts that the United States is not entitled to rely upon the option and that he should be awarded reasonable and just compensation for his land without reference to said option.

■ Paragraph one of the option to purchase and "Option for Purchase of Land and for Flowage Easement" provides:

"(1) The purchase price of said land and flowage easement is to be Five Thousand Five Hundred and No/100 ($5,500.00) payable as soon as the United States has accepted this option and has had a reasonable time within which to secure and examine the evidence of title to said land and easement and to obtain the necessary approval of title; * *."

Paragraph six of the option provides, as follows:

"(6) The vendor agrees that the United States may, at its election, and notwithstanding the prior acceptance of this option, acquire title to said land or any portion thereof or any interest therein, by condemnation or other judicial proceedings, in which event the vendor agrees to co-operate with the United States in the prosecution of such proceedings and also agrees that the consideration hereinabove stated shall be the full amount of the award of just compensation inclusive of interest for the taking of said land and that any and all awards of just compensation that may be made in the proceeding to any defendant shall be payable and deductible from said amount and that said consideration shall also be in full satisfaction of any and all claims of the vendor for the payment of the right of occupancy and use hereinafter provided for in paragraph (7)."

The option to purchase easement for flowage purposes subject to the perfecting of title through condemnation is valid. Danforth v. United States, 308 U. S. 271(1), 60 S.Ct. 231, 84 L.Ed. 240.

Such an agreement fixes the value in condemnation proceedings brought later by the Government against the landowner to make good title. Danforth v. United States, supra (2).

■ The property owner's claim that the lapse of time has forfeited the Government's rights under the option can not be sustained.

"* * * It is settled law that unless time is of the essence of the contract, mere lapse of time does not avoid it or forfeit rights under it. And it is equally well settled that time is not of the essence of a contract which provides for a reasonable time. * * *. In such a case where time is not of the essence, one wishing to rescind for delay must give notice of his intention so to do and allow a reasonable time. Burkhalter v. Roach, 142 Ga. 344, 349, 82 S.E. 1059; Augusta Factory v. Mente & Co., 132 Ga. 503, 512, 64 S.E. 553; Ellis v. Bryant, 120 Ga. 890, 894, 48 S.E. 352. * * *" Boswell v. United States, 5 Cir., 123 F.2d 213, 215[1–5].

It appearing to the Court that there is no genuine issue as to material fact and that the United States of America is entitled to a judgment as a matter of law, plaintiff's motion for summary judgment is granted and such judgment may be prepared and presented.