Glen D. KETCHERSIDE, Jr., et al., Plaintiffs,

v.

Anthony J. CELEBREZZE, Secretary of Department of Health, Education, and Welfare, Social Security Administration, et al., Defendant.

Civ. A. No. W-2579.

United States District Court
D. Kansas.

Sept. 25, 1962.

children, under 42 U.S.C.A. § 405(g) of the Social Security Act to review a decision by the Secretary of Health, Education, and Welfare that the children of Betty J. Ketcherside, deceased, are not entitled to "child's insurance benefits" because they were not receiving at least one-half of their support from their mother, the deceased worker, and thus were not dependent upon her at the time of her death. (42 U.S.C.A. § 402(d) (5).)

Generally, the background of the plaintiff's family situation may be stated as follows: Glen D. Ketcherside, Jr., and Betty Jo Ketcherside were married in 1948 and lived together as man and wife with no break in their relationship until the death of Betty Jo, the wage earner, on July 30, 1960. As a result of this marriage there were five children: Glen Doyle, 10 years old, Theresa Jo, 8 years old, Richard Gene, 7 years old, Webb Wray, 4 years old, and Jimmie Dean, 2 years old, who are the plaintiffs herein.

Pursuant to Rule 56, F.R.Civ.P. 28 U. S.C.A., both plaintiff and defendant have moved for summary judgment. The facts are not in dispute.

42 U.S.C.A. § 402(d) (5) provides in pertinent part:

" * * * a child shall also be deemed dependent upon his * * * mother, * * * if, at such time, (A) she was living with or contributing to the support of such child, and (B) either (i) such child was neither living with nor receiving contributions from his father or adopting father, or (ii) such child was receiving at least one-half of his support from her."

The defendant states that the narrow issue before the Court is whether or not there is substantial evidence for the hearing examiner's decision that the children "were not receiving at least one-half of their support from their mother, the deceased wage earner, at the time of her death." The plaintiff states the issue to be, simply, "were the children of the deceased wage earner entitled to child's

Tyler C. Lockett, of Ratner, Mattox & Ratner, Wichita, Kan., for plaintiffs.

Robert Green, Asst. U. S. Atty., Wichita, Kan., for Secretary of Dept. of Health, Education, and Welfare, Social Security Administration and others.

TEMPLAR, District Judge.

This is an action by Glen D. Ketcherside, Jr., on behalf of his five minor

benefit payments based on the deceased wage earner's earning account."

■ In a proceeding for review of the decision of the Social Security Administrator the function of the Court is to determine whether or not the factual findings of the Administrator are supported by substantial evidence, and if so, whether or not the Referee properly applied the law to those facts. (Ayers v. Hobby, D.C., 123 F.Supp. 115; Hemmerle v. Hobby, D.C., 114 F.Supp. 16; MacPherson v. Ewing, D.C., 107 F.Supp. 666; Fuller v. Folsom, D.C., 157 F.Supp. 348, and Bostick v. Folsom, D.C., 157 F. Supp. 108.) Since there is no dispute regarding the facts in the instant situation, the Court has only to ascertain whether or not the law has been accurately and properly applied.

■■ The Social Security Act is to be liberally construed as an aid to achievement of congressional purposes and objectives, and narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted. The Act is to be construed in favor of the party seeking its benefits, and if any basis in law exists to grant relief the Court should so construe the Act. (Lietz v. Flemming, 6 Cir., 264 F.2d 311, cert. den. 361 U.S. 820, 80 S.Ct. 66, 4 L.Ed.2d 66. Notwithstanding, the Courts should not extend by judicial fiat the provisions of the Act beyond its fixed limits. Schroeder v. Hobby, 10 Cir., 222 F.2d 713.

■ The Court observes that the phrase "at the time of such death" has been given judicial meaning beyond its literal reading. In Spencer v. Flemming, D.C., 188 F.Supp. 517 it was stated that total contributions during a one-year period preceding the death of the wage earner should be considered in order to arrive at a determination of dependency i. e. the wage earner was contributing one-half of the child support at the time of her death. Furthermore the Hearing Examiner found, and this Court agrees, that fairness and justice dictate that a period of at least a year should be so considered in determining whether or not the deceased wage earner was contributing at least one-half of the support of the children.

In the present case there is no question that there existed the required economic relationship between the mother and the children because they resided together until the mother's death. Moreover there is no question that these children suffered an economic loss on account of the death of their mother. Since there are no questions pertaining to total sums of money available for the support of the Ketcherside family and since it is admitted that the monies received by both the mother and father from all sources were used for the support of the family the problem narrows itself to a matter of arithmetical computation.

Before making the computation the Court will first set forth the income of the Ketcherside family received from all sources on a chronological basis commencing with January 1, 1959.

A. January 1, 1959 to Mar. 31, 1959, the father received from the Wichita Flour Mills Inc. Wichita, Kansas total wages of .. $1535.58

B. Unemployment benefits received first half of 1959 . $ 150.00

C. In April 1959 the father went to California to obtain work and in the latter part of April he worked at the Ace Tank and Heater Company in the Los Angeles area and was paid a total of .............. $ 198.00

D. While working at the Ace Tank and Heater Company the father sustained an injury to his heel and was laid off the job. As a result of the father's injury the mother, decedent herein, went to work for the Great Western Bag Company, Vernon, California. Her work com-

menced July 1, 1959 and ended December 2, 1959 because of illness. Her earnings totaled ........ $1428.33

E. During the last half of 1959 the father obtained work at the Anthony Firestone Company and received a total of ....... $ 148.72 In the first half of the year 1960 the father was employed by the Maywood Super Service and paid a total of .............. $ 444.47 and was employed by another employer and paid a total of ............. $ 320.00 making a total of $764.-47 earned by him for the first half of the year 1960.

F. As a result of the injury sustained while working for the Ace Tank and Heater Company aforementioned, the father in May 1959 instituted a claim for Workmen's Compensation and was awarded $40.76 per week for four months commencing with May 1959, which was paid to him in two lump sums,—$1000.00 about six months after the initial award in the early part of 1960 and the balance of $760.00 being paid prior to May 28, 1960 when the father transported his wife by airplane to a hospital at Wichita, Kansas.

G. The mother was paid disability insurance benefits by the Court of California in the amount of $35.00 per week commencing February 2, 1960 and ending with the month of July 1960, the month in which she died. Thus the decedent received the sum of $910.00 in disability payments during that period.

Summarized the father's income may be tabulated as follows for the period commencing July 1, 1959:

Wages July 1959 to December, 1959 ................. $ 148.72
Wages January 1960—July 1960 ................. 764.47
Disability compensation 48 weeks at $40.76 ........ 1956.48

Total income ..... $2869.67

The mother's income may be tabulated as follows:

Wages July 1959—December 1959 ................. $1428.33
Wages January 1960—July 1960 .................. none
Disability compensation at $35.00 per week—February 1960—July 1960 ... 910.00

Total income ..... $2338.33

It is the father's contention that the disability compensation paid to him during the period herein involved should not be considered as the income to the family for the purpose of support since such payments were actually his to indemnify him for the injury to his leg.

However, the exception under which plaintiff makes application for benefits for his children is expressed in language pertaining to the total contributions of deceased and this plaintiff for a period of time of at least a year prior to the deceased mother's death. The exception does not mention income as wages specifically, but states that contributions should be considered without regard to source. It states in plain clear language that a child is not entitled to child benefits unless the deceased worker's contributions provided at least one-half of the family's support. There is no basis in law for any other construction or interpretation of the provision.

Under such circumstances, this Court must conclude that the findings of the Secretary of Health, Education, and

Welfare were supported by substantial evidence and that the law was properly construed and applied.

Counsel for the United States will submit the appropriate order.