ELLIS *v.* BRYANT.

1. In a petition for specific performance, it appeared that the defendant had signed a paper acknowledging the receipt of $50 on account of the purchase-money of described lands, and giving the purchaser thirty days in which to raise the balance of the purchase-price. *Held*: (a) The paper was not an option, but the evidence of an absolute agreement to sell, with receipt of part of the purchase-money. (b) By express agreement or reasonable construction, time may be made of the essence of a contract of sale of land; but ordinarily courts lean against such a construction, for the reason that it would result in the enforcement of a penalty, and because interest is ordinarily treated as full compensation for the delay. In the present case there was no express stipulation that time was of the essence, and no provision that the agreement was to be void if the money was not paid within

thirty days.   Besides, it appeared that the delay here was occasioned by a defect in the vendor's title.

2. It was error to dismiss the petition.

Argued June 18,—Decided August 11, 1904.

Petition for specific performance.     Before Judge Littlejohn. Sumter superior court.   December 2, 1903.

G. R. Ellis brought his equitable petition against Mrs. F. M. Bryant for specific performance, alleging, that on January 4, 1902, he entered into a parol contract with her by which she sold and agreed to convey to him certain land described, and that he paid $50 on the purchase-money and received from her a paper of which the following is a copy :   " Americus, Ga., Jan. 4th, 1902.    Received of G. R. Ellis the sum of fifty dollars ($50.00) as part of the purchase-money for the following land : [describing it].   It is also understood that he, the said Ellis, shall assume one thousand and fifty dollar ($1,050.00) loan in favor of J. B. Hudson on the described lands, and shall also pay, in addition to the fifty dollars ($50.00) now paid, the sum of eight hundred and fifty dollars ($850.00), as balance of purchase-money, said Ellis to have thirty days to raise the money.    [Signed] Mrs. Fannie M. Bryant."    The petition alleged, that at the time of making the contract it was understood that Ellis was to borrow from a loan company the remainder of the cash to be paid Mrs. Bryant, and that he was delayed by reason of the discovery of an irregularity or defect in one of the title deeds of Mrs. Bryant ; that as soon as the defect was cured, and within fifteen days from the expiration of the thirty days, he procured the money and tendered it to her, but she refused to accept it and refused to make title to the land. In her answer to the petition Mrs. Bryant averred, " that on the 4th of January, 1902, she gave to petitioner her certain receipt for $50 as a part of the purchase-price of the lands described in the petition, and therein agreed that if said petitioner would assume and pay off a certain loan of $1,050 upon said land, and should also pay her, in addition to the said $50, the sum of $850, as balance of purchase-money, in cash, within thirty days from said date, she would convey to said petitioner said described land and give him possession thereof; that time was of the essence of said contract, which was well understood between the parties thereto ; that possession was to remain in defendant until said

petitioner had fully complied with the entire agreement, and he was not to have possession until he had so complied ; that petitioner did not pay off or assume said loan of $1,050, nor did he pay to defendant, or offer to pay to her, said $850 in cash within the time limited in said receipt, or at any other time, and wholly failed to comply in any particular with the terms of said receipt or agreement." She tenders him back the $50 paid. At the trial there was evidence that after the payment of the $50, Ellis notified the tenant in possession of the land, and that the tenant attorned to him ; that Ellis entered upon the land and posted it and laid out certain terraces, and did some work of small value, and that this was known to Mrs. Bryant or her husband, who was her agent in this matter; that he arranged for a loan of the amount he was to pay Mrs. Bryant, but the lender refused to make the loan until a quitclaim deed was obtained from the grantor in one of the title deeds of Mrs. Bryant, in one part of which the parties were transposed, the party of the second part conveying to the party of the second part; that on February 5 (after the thirty days) Mrs. Bryant's husband wrote a letter to Ellis, in which he inquired, " What about settling for that land?" and said, "As I have not heard from you, let me hear from you to-day ;" to which Ellis on the same day replied that he had already mailed a letter to Mrs. Bryant, but supposed it had not been received, and informed Bryant that the loan had been approved, but that the lender required a quitclaim from Wilson, because of the defect in the deed to Wilder, and that this had caused several days' delay ; that Wilson had signed the deed and it had been sent to Atlanta, and the money would be on hand in a few days. It appeared that on February 17, Ellis wrote to Mrs. Bryant, making an appointment for the payment of the money and the signing of the papers, and that, no answer having been received, he wrote a similar letter on February 20. It appeared also that he had arranged satisfactorily with Hudson as to the loan he was to pay as a part of the purchase-price, and that on February 24 he made a tender in cash to Mrs. Bryant of the entire purchase-price and interest, including the Hudson loan, less the $50 paid at the time she gave the receipt; that this tender was refused, and that Mrs. Bryant tendered back the $50 he had paid her, and he refused to receive it. At the conclusion of

the evidence, the court, on motion, "dismissed plaintiff's petition."
Ellis excepted.

*Lane & Maynard, J. H. Lumpkin,* and *W. A. Dodson,* for
plaintiff. *E. A. Hawkins* and *J. B. Hudson,* for defendant.

LAMAR, J. (After stating the foregoing facts.)　This was
an equitable petition to require Mrs. Bryant to specifically per-
form a contract expressed in an informal paper in which she
acknowledged the receipt of $50 as part of the purchase-price
($1,950) of a described tract of land, with the further provision
that the plaintiff should have thirty days to raise the money.
The defendant's answer admits the contract, but insists that time
was of the essence, and contends that as the cash payment of
$850 was not made within the thirty days, she was not obliged
to receive the money or to make the deed.　Had this been a
mere offer, it might have been withdrawn at any time before it
was accepted.　Or if, for a valuable consideration, an offer had
been left open for a definite period, it expired by its own terms
on the day fixed, and thereafter there was nothing for the
opposite party to accept.　Where property is perishable and sub-
ject to rapid fluctuations in value, or where the damages arising
from delay are of a character incapable of being computed,
prompt performance may be a condition precedent to secure
enforcement.　But generally time is not of the essence of
contracts for the sale of land; for such a construction would
result in enforcing a penalty, "which equity abhors and the law
does not favor;" and interest will generally be treated as full con-
pensation for the delay.　By express stipulation or reasonable con-
struction, time may be made of the essence.　Civil Code, § 3675
(8).　Though even if such express stipulation is inserted as a
penalty, it will be disregarded by courts of equity.　It is never
favored; and in all cases, in order for time to be treated as of the
essence, it should clearly appear that such was the intent; as, for
example, by a provision that the agreement shall be void unless
the act named be completed by a certain day, or by other equiva-
lent expression.　*Taylor* v. *Baldwin,* 27 *Ga.* 442 ; *Chapman* v.
*Ayer,* 95 *Ga.* 581 ; *Hudson* v. *Dukes,* 21 *Ga.* 403 ; *Dukes* v.
*Baugh,* 91 *Ga.* 33 ; *McDaniel* v. *Gray,* 69 *Ga.* 434.　But merely
prescribing a day on or before which the act must be done does

not render the time essential with respect to such act. In DeCamp *v.* Feay, 5 S. & R. 328, it was held that a stipulation that the first installment was to be paid by the vendee on the 1st of October, when a title was to be conveyed by the vendor, was nothing more than a naked covenant to pay money at a particular day ; which has never been held to make time of the essence of the contract, " for the plain reason that it admits of adequate compensation ascertained by law in the shape of interest." Of course the delay must not be wilful, must not be unreasonably long, and must not have occasioned damage which will not admit of compensation. And where there has been a failure to comply within the time stipulated, the other party may, by notice, fix upon and assign a reasonable time for completing the contract, and may call upon the party in default to do the act to be done by him within this period; and the time thus allowed then becomes essential, and if the party in default fails to perform before it has elapsed, the court will not aid him in enforcing the contract, but will leave him to his legal remedy. Pomeroy on Contracts, §§ 370, 374, 380, 384, 387, 392, 395. But here, instead of giving such notice, the defendant, after the pay-day had passed, wrote the plaintiff a letter which showed that she regarded the contract as still of force (Id. § 397) ; to which the plaintiff replied in writing, explaining the cause of delay and promising to pay in a short time. *McCaw Mfg. Co.* v. *Felder,* 115 *Ga.* 415.

There was no demurrer and no question as to the statute of frauds. The paper was signed by the party to be charged therewith, and if there had ever been any want of mutuality, it was cured by the letters and also by the filing of the petition. *Perry* v. *Paschal,* 103 *Ga.* 137 ; *Sivell* v. *Hogan,* 119 *Ga.* 168. From the standpoint of the defendant, the paper was in the nature of a bond for title with part of the purchase-money paid, with no stipulation that time was of the essence, or that the contract should be void on a failure to meet the next instalment on the pay-day named. Besides all which there was evidence that the plaintiff had been admitted into possession. The case should not have been dismissed. Civil Code, § 4037.

*Judgment reversed. All the Justices concur.*