### HUGHES v. HOLLIDAY et al.

Where by the terms of an option contract the optionor obligates himself to sell described lands upon the payment of the purchase-price on a day fixed, the optionee, in order to raise a binding promise on the part of the optionor to sell, must make his election and offer to perform within the time stipulated in the option contract. An election after the time limited has expired, coupled with an offer to perform, will not entitle the optionee to have the contract specifically performed.

No. 1229. MAY 15, 1919.

Eviction; equitable intervention. Before Judge Kent. Laurens superior court. August 31, 1918.

G. R. Hughes commenced proceedings under the Civil Code, § 5385, to evict certain persons as tenants holding over. D. F. Holliday, as transferee of a certain contract made by Hughes to one Smith, intervened and prayed that Hughes be required to specifically perform the contract. The contract was under seal, executed by Hughes only, and, as copied from the record, is as follows: "Georgia, Laurens County. This agreement and indenture made and entered into this 6th day of January, 1917, between G. R. Hughes of the said State and County, of the one part, and G. R. Smith of the county of Laurens, State of Georgia, of the other part, witnesseth: That for and in consideration of the sum of one ($1.00) dollar cash in hand paid, receipt of which is hereby acknowledged, and in consideration of the premises, the undersigned G. R. Hughes does hereby obligate and bind himself and heirs, legal representatives, and assigns, to sell and convey by good and sufficient deed to the said 118 acres all that tract of land lying and being in the Pinetuckey district of ........... county, State of Georgia, lot ........ number, being the place where I now live and known as the Anthony Hill place, containing 118 acres, more or less, at and for the price of nineteen hundred and twenty-five dollars ($1925.00), to be paid at the option and to be divided into 4 payments of $400 and one of $325.00, said payable October 1st, 1917, first payment, remainder to be paid on the 15th of Nov., vember 15th, 1921, months from this date, all bearing interest from date at 8%. This option is made for the purpose of resale, and it is understood and agreed that in the event of such resale the undersigned. It is hereby agreed that the rent payment for the year 1917 of $200 to be counted as a part of the first payment of $400.00 due October 1st, 1917, does hereby obligate and bind ........ and ........ heirs, legal representatives, and assignee to establish the boundary lines to the satisfaction of the repur chaser. It is understood and agreed that this option is transfer able and all of its conditions follow to the transferee." On the trial of the cause Hughes admitted the execution of the contract, but insisted that the contract was merely an option to purchase. He purchased the land in 1917. At the time of his purchase Smith

was in possession of the land as a tenant. The note executed by Smith for the rent of the land for the year 1917 was by its terms due and payable on October 1, 1917, and this note was transferred to Hughes, the purchaser. Smith failed to pay the note when due, but did pay the same in full on October 6, 1917. On November 14, 1917, Smith tendered to Hughes $200 additional, and claimed the right to exercise his option to purchase the land. Hughes declined to accept the tender, upon the ground that it came too late. Thereafter, and on November 26, 1917, Smith transferred the contract to the intervenor, Holliday, who, on January 9, 1918, tendered the full amount stipulated in the contract; and this tender was likewise declined, and upon the same ground. The tenants in possession were holding under Smith, whose term had expired. Hughes had demanded possession of them, and they had refused to yield possession. The contract, and a cashier's check dated October 6, 1917, payable to the order of Hughes for $192.50, the same being in full settlement for rent and supplies due by Smith for the year 1917, were admitted in evidence. It was agreed that Holliday tendered the balance of principal and interest as set forth in the contract on January 9, 1918. After the introduction of the foregoing evidence the court directed a verdict as follows: "We, the jury, find for the intervenor, D. F. Holliday, and for a decree of specific performance for the land described in his petition of intervention. This April 26, 1918." Hughes filed a motion for new trial, which was overruled, and he excepted.

M. H. Blackshear, for plaintiff. R. Earl Camp, for defendants.

GEORGE, J (After stating the foregoing facts.) The contract set out in the preceding statement is an option; it is merely an offer to sell, as distinguished from a contract of sale. Simpson v. Sanders. 130 Ga 265. 269 (60 S E. 541) ; Mallet v. Watkins, 132 Ga. 700 (64 S. E. 999, 131 Am. St. R. 226). Cf. Allison v. Dunwody, 100 Ga. 51 (28 S. E. 651). At common law, time of performance is generally of the essence of a contract; in equity, time is not of the essence unless it is expressly or by clear implication made so. 2 Story's Equity Jurisprudence (14th ed.), § 1064. In this State the equity rule has been adopted as a part of our statutory law. Paragraph 8 of section 4268 of the Civil Code of 1910 declares: "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become

so." In the case of *Larned* v. *Wentworth,* 114 *Ga.* 208 (39 S. E. 855), an option contract was under consideration. At page 222 of the opinion in that case it was said: "It is peculiarly a contract of which time is of the essence." Because of the one-sided nature of an option contract, time of the election by the optionee is of the essence of the contract in equity as well as in law, whether the contract expressly so stipulates or not. James on Option Contracts, § 862. The failure of the optionee to elect and to give notice of his election within the time limited in his contract, if there be stipulation as to time, and within a reasonable time implied by law in the absence of stipulation, ends his option rights. *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117, 118 (80 S. E. 559). The contract considered in *Ellis* v. *Bryant,* 120 *Ga.* 890, 893 (48 S. E. 352), was a contract of sale. The distinction between a contract of sale and a contract to sell is important. The rule against forfeitures is applicable in the former case. Generally it has no application in the latter case. The exercise of the right of election given to the optionee under an option contract is a condition precedent to the vesting of any property right in him; hence the rule against forfeitures has no application. There may be cases, as where the option is connected with a lease and is supported by adequate consideration paid for the lease, in which equity will consider the option as in the nature of a property right already acquired, and will, to avoid a forfeiture, refuse to consider time as of the essence of the contract; as for example, Schroeder *v.* Germeinder, 10 Nev. 355; McCormick *v.* Stephaney, 61 N. J. Eq. 208. The present is not such a case. We have treated the contract as more than a mere offer to sell, which may be withdrawn at any time before acceptance, but as an option to sell, based upon a valuable consideration. It is unnecessary to decide whether it is competent to show that the recited consideration was not in fact paid, because, conceding that the optionor can not legally withdraw from it within the time limited by its terms, the optionee can not have it specifically performed nor can he claim any right under it unless he does the prescribed thing within the time limited, in the absence of any evidence of waiver, estoppel, fraud, or other equitable ground sufficient to excuse his delay. *Larned* v. *Wentworth,* supra. Under the evidence the court erred in directing a verdict for the plaintiff.

*Judgment reversed. All the Justices concur.*