## CALDWELL *v.* HAND.

ATKINSON, J. In December, 1908, J. A. McKnight sold to L. A. Caldwell a tract of land, and the vendee was admitted into possession under a bond for title. The stipulated consideration was "16 bales of lint-cotton each year," for the years 1909 to 1915, inclusive. The vendee paid the first three installments, and, being unable to pay the fourth installment when it fell due in 1912, executed his note to the vendor for $1100, which was accepted in lieu of the cotton that should have been delivered at that time. The vendee also became indebted to a bank in the sum of $2023 upon a note, for which he transferred the bond for title as collateral security. While the status was as indicated, the vendee sold his interest in the land to Lee Hand, a purchaser of the notes, and jointly signed a paper with Hand as follows: "Senoia, Ga., Sept. 19th, 1913. This agreement entered into between Lee Hand, party of the first part, and L. A. Caldwell, party of the second part. Whereas party of the first part having bought from party of the second part his equity in a certain tract of land known as the J. W. Hogg place in Meriwether County, Georgia, containing three hundred and twenty-four (324) acres, more or less. Party of the first part agrees to sell back to party of the second part his equity on Nov. 15th, 1914. Party of the second part to pay to the party of the first part actual cost to Nov. 15, 1914, including repairs, and 10% additional. If not accepted on Nov. 15th, 1914, party of the first part agrees to give party of the second part an additional option to Nov. 15th, 1915, party of the second part to pay party of the first part actual cost including repairs, and 10% additional. Same to be cash consideration on either option." In a suit instituted by Caldwell against Hand, for specific performance of the foregoing contract, the petition as amended alleged, in addition to what is stated above, the following, in substance: The defendant paid both the notes first above mentioned, and also the 16 bales of cotton for the 1913 installment promised to McKnight. For the years 1914 and 1915 plaintiff and defendant rented a part of the land to a third person for 12 bales of cotton, and it was agreed that plaintiff should cultivate the rest of the land and meet the balance of the 1914-15 payments to McKnight. This was done and McKnight was fully paid. During the month of October, 1915, upon demand defendant rendered an account of what the property had cost him, and "10% additional." The account included the amounts paid out on the two notes first above mentioned, and the value of the 16 bales of cotton delivered to McKnight for the installment due in 1913, but did not refer to the installments which were paid McKnight in the manner above indicated for the years 1914 and 1915. During the month of November, 1915, and before the 15th day of that month, plaintiff offered the amount charged as shown in the account above stated, and demanded a conveyance in terms of the contract. The defendant refused the demand, on the ground that plaintiff did not offer the correct amount; the contention being that defendant was entitled to the further payment of the value of 16 bales of cotton paid to McKnight for each of the years 1914 and 1915, and ten per cent. added. *Held:* ·

1. The written contract dated September 9, 1913, signed by Lee Hand and L. A. Caldwell contained mutual obligations which furnished a valid consideration.

2. In the clause, "Party of the second part to pay to the party of the first part actual cost , . . , including repairs, and 10% additional," "actual cost" as thus employed contemplates whatever amount Hand may have paid out for the notes executed by Caldwell and any unpaid installments on the purchase-price of the land, and the costs of any repairs which he may have made on the land.

3. The rents accruing for the land while the contract remained executory would belong to Hand, and if those rents for the years 1914-15 were applied to the payments due to McKnight as part purchase-price of the land, Hand would be entitled to reimbursement and ten per cent. additional before he could be required to convey his interest in the land to Caldwell. As Caldwell's offer to pay did not include any reimbursements for such expenditures, he was not entitled to a decree of specific performance. Accordingly there was no error in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 1350. DECEMBER 11, 1919.

Action for specific performance. Before Judge Terrell. Coweta superior court. March 5, 1919.

*G. F. Gober, H. A. Allen,* and *W. I. Heyward,* for plaintiff.

*Hall & Jones,* for defendant.