## MANGUM *v.* JONES.

No. 16723.   July 11, 1949.   Rehearing denied July 27, 1949.

664

*Foley & Chappell, Cohen & Cohen, Samuel E. Kelly Jr.*, and *Forrest L. Champion Jr.*, for plaintiff.

*J. A. Davis* and *Theo J. McGee*, for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ The plaintiff elected to test the righteousness of his cause in a court of equity. He asked the court to require the defendant to specifically perform a written contract respecting the sale of land, in which the seller acknowledged receipt of $3000 as a part of the purchase-price. The defendant contends that the allegations of the amended petition are not sufficient to state a cause of action for the relief sought. In our statement of facts we have fully set out what the allegations of the petition and the amendment are and they may be seen by reference thereto. That a transfer or assignment of the contract upon which this suit is based by the original purchaser resulted in an abandonment of it or a novation of the same, and consequently terminated it, is one of the contentions made by the defendant; and one which we now hold is without merit, since such contracts are clearly assignable. Code, §§ 29-114, 85-1805; *Evans* v. *Brown,* 196 *Ga.* 634 (27 S. E. 2d, 300). And it may be safely asserted that it is now well settled by the decisions of this court that, where a contract for the sale of land, which we construe the contract here involved to be (*Ellis* v. *Bryant,* 120 *Ga.* 890, 893, 48 S. E. 352), is in writing, signed by both of the parties, is certain and fair, and is for an adequate consideration and capable of being performed, a court of equity, as a matter of course, will decree specific performance. *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21, L. R. A. 1917A, 993); *Funk* v. *Browne,* 145 *Ga.* 828 (90 S. E. 64); *F. W. Grand Stores* v. *Eiseman,* 160 *Ga.* 321, 331 (127 S. E. 872); *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226); *Irvin* v. *Locke,* 200 *Ga.* 675 (38 S. E. 2d, 289). In the present case it is alleged that the contract which the plaintiff seeks to enforce is in writing, signed by both of the contracting parties, that its terms are clear and certain, and that the agreed purchase-price is the fair, reasonable market value of the land in controversy. The defendant does not in any way challenge the sufficiency of these allegations; but contends that the petition, when considered as a whole, fails to state a cause of action because it appears therefrom that the purchaser did not comply

with one of the terms and conditions of the contract by depositing $3000 as "earnest money" with H. Gould Barrett & Company, sales agent; that the contract can not now be performed; and that time was of the essence of the contract and the purchaser failed to comply with his part of the terms and conditions thereof during the effective period of the same. We will consider and dispose of these contentions in the order of their statement.

(a) There is palpably no merit in the contention that specific performance should be refused in the present case because the purchaser (Mr. Dunbar) did not deposit $3000 with H. Gould Barrett & Company as a part of the purchase-money. The defendant (Mr. Jones) acknowledged receipt of $3000 as "earnest money," and by the terms of the contract agreed to deposit it in escrow with H. Gould Barrett & Company with the understanding and agreement that it would be returned to the purchaser if the seller was unable to deliver good and sufficient title for the land in question. The contract therefore obligated the seller and not the purchaser to make the deposit. The defendant also contends that it may be reasonably inferred from the allegations of the petition, when construed most strongly against the pleader, that the down payment of $3000 provided for by the contract was not actually paid by the purchaser, and accordingly the contract is for that reason without consideration. To all of this we do not agree. Even if it can be said that such an inference must necessarily be drawn from the allegations of the petition as a whole, it would not follow as a consequence therefrom that the contract is without consideration, and this is true for the reason that the contract expressly created between the parties a mutuality of obligation; the agreement on the part of one to sell for a stipulated amount being a sufficient consideration for the promise of the other to buy. Code, § 20-304; *Black* v. *Maddox,* 104 *Ga.* 157 (30 S. E. 723) ; *Simpson* v. *Sanders,* 130 *Ga.* 265 (60 S. E. 541) ; *Caldwell* v. *Hand,* 149 *Ga.* 589 (101 S. E. 582).

(b) We have fully set out in our statement of the case what the petition shows with reference to the defendant's ability to comply with his part of the contract in question, and it would unnecessarily lengthen this opinion to repeat these averments here. It is sufficient to say that they are amply sufficient to

show that the defendant can presently perform his part of the contract.

(c) The Code, § 20-704 (9), provides: "Time is not generally of the essense of a contract; but, by express stipulation or reasonable construction, it may become so." Among the terms and conditions of the contract under consideration is "Ninety (90) days allowed to close sale," and the defendant insists that this made time of the essence of the contract presently involved; but we think that this contention is also not meritorious. In *Ellis* v. *Bryant*, supra, this court said: "But generally time is not of the essence of contracts for the sale of land; for such a construction would result in enforcing a penalty 'which equity abhors and the law does not favor'; and interest will generally be treated as full compensation for the delay." And the rule may now be regarded as well settled in this State that in all cases, in order for time to be treated as of the essence of a contract for the sale of land, it should clearly appear therefrom that such was the intention of the parties; as, for example, by a provision that the agreement shall be void unless the act named be completed by a certain day, or by other equivalent expression. *Hudson* v. *Duke*, 21 *Ga*. 403; *Taylor* v. *Baldwin*, 27 *Ga*. 442; *McDaniel* v. *Gray*, 69 *Ga*. 434; *Dukes* v. *Baugh*, 91 *Ga*. 33 (16 S. E. 219); *Chapman* v. *Ayer*, 95 *Ga*. 581 (23 S. E. 131). "But merely prescribing a day on or before which the act must be done does not render the time essential with respect to such act." *Ellis* v. *Bryant*, supra. In DeCamp *v.* Feay, 5 S. & R. 328, it was held that a stipulation that the first installment was to be paid by the vendee on the 1st of October, when a title was to be conveyed by the vendor, was nothing more than a naked covenant to pay money at a particular day; which has never been held to make time of the essence of the contract "for the plain reason that it admits of adequate compensation ascertained by law in the shape of interest." Of course, in cases involving the sale of land, as here, where time is not of the essence of the contract, since specific performance is an equitable remedy which the complaining party does not have as an absolute right, the delay in applying for such relief must not be wilful, nor unreasonably long, but in the circumstances of this case it can not be said that the plaintiff's delay was either wilful or unreasonably long.

We have carefully considered the several grounds of special demurrer, all of which were sustained, and have reached the conclusion that they were not meritorious.

Accordingly, we hold that the court erred in sustaining the demurrers and dismissing the petition.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., who dissent.*