18642.   SCHEER *et al. v.* DOSS.

SUBMITTED JULY 13, 1954—DECIDED SEPTEMBER 13, 1954.

*Cohen, Roberts & Kohler, Claude Hambrick, Jr.,* for plaintiffs in error.

*Henry M. Hatcher, Johnson, Hatcher & Meyerson,* contra.

MOBLEY, Justice. A petition for specific performance of a contract for the sale of land, is sufficient as against general demurrer, where it is alleged that the contract is in writing, signed by both of the parties, is certain and fair, and is for an adequate consideration and capable of being performed. Code § 37-801; *Clark* v. *Cagle,* 141 *Ga.* 703 (81 S. E. 21, L. R. A. 1915A, 317); *Irvin* v. *Locke,* 200 *Ga.* 675, 676 (38 S. E. 2d 289). However, counsel for the defendants insist that the general demurrer should have been sustained because it appears from the petition that

the purchaser failed to consummate the contract on September 1, 1953, and again on October 1, 1953.

"Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Code § 20-704 (9). The contract under consideration contained the stipulation, "Closing date will be set by buyer on or before September 1, 1953," and a letter from counsel for the defendants to the petitioner, a copy of which was attached to the petition, stated that the closing date was subsequently set for October 1, 1953, at petitioner's request. "In order for time to be treated as of the essence of a contract for the sale of land, it should clearly appear therefrom that such was the intention of the parties; as, for example, by a provision that the agreement shall be void unless the act named be completed by a certain day, or by other equivalent expression." *Mangum* v. *Jones*, 205 *Ga.* 661, 667 (54 S. E. 2d 603). "Merely prescribing a day on or before which the act must be done does not render the time essential with respect to such act. .. . Of course the delay must not be wilful, must not be unreasonably long, and must not have occasioned damage which will not admit of compensation. And where there has been a failure to comply within the time stipulated, the other party may, by notice, fix upon and assign a reasonable time for completing the contract, and may call upon the party in default to do the act to be done by him within this period; and the time thus allowed then becomes essential, and if the party in default fails to perform before it has elapsed, the court will not aid him in enforcing the contract, but will leave him to his legal remedy." *Ellis* v. *Bryant*, 120 *Ga.* 890, 893 (48 S. E. 352).

There was no express stipulation in the contract set forth in the present petition that time was of the essence, nor was there any provision that the agreement was to be void if the balance of the purchase money was not paid by a certain date; and, so far as appears from the allegations of the petition, the defendants did not, "by notice, fix upon and assign a reasonable time for completing the contract." In the circumstances of this case it can not be said that the petitioner's delay was either wilful or unreasonably long.

Accordingly, the trial court did not err in overruling the general demurrer to the petition as amended.

*Judgment affirmed. All the Justices concur.*