## 43052. DEVELOPMENT CORPORATION OF GEORGIA, INC. et al. v. WEST et al.

ARGUED OCTOBER 2, 1967—DECIDED DECEMBER 5, 1967.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Witt,* for appellants.

*Rich, Bass, Kidd & Broome, Casper Rich, C. Richard Avery,* for appellees.

FELTON, Chief Judge. The court erred in overruling the general demurrers to the petition. This is an action at law in the Civil Court of Fulton County for money had and received. The only question necessary for a decision is whether a cause of action at law existed at the time when the action was filed on June 15, 1965, against either defendant. In an action at law in a case such as this it must be alleged that a rescission of

the contract was an accomplished fact at the time of the filing of the action. Here it was necessary to allege that the defendants had consented to the rescission or done some act which the law would regard as consent or equivalent thereto. 95 ALR 1000. This the petition failed to do. Where time is not made of the essence by the terms of a contract for the sale of land, in order for the failure to comply by one of the parties to be tantamount to a consent to a rescission by the other party, the party seeking to rescind must give the party failing to perform a notice to the effect that he will consider the contract rescinded unless performance is made within a fixed, reasonable time. Then, if there is not performance within the time prescribed, assuming it is reasonable, the offending party will be deemed to have consented to a rescission, and an action would lie for money had and received based on a rescission which had been completed. *Ellis v. Bryant,* 120 Ga. 890 (48 SE 352); Boswell v. United States, 123 F2d 213. The rationale of this principle is that the parties have not provided for a rescission by making time of the essence, and before one party can make it of the essence he must give the other notice of a desire to rescind and give him an opportunity to comply or else be deemed to have assented to the rescission. This case is distinguishable from *Woodruff v. Camp,* 101 Ga. App. 124 (112 SE2d 831) in that there the petition alleged that the defendant sold the land to a third person, which was an act clearly showing assent to a rescission. Assuming, but not deciding, that the petition in other respects is sufficient except as to the question above discussed, the petition failed to show that a cause of action existed against either defendant at the time of the filing of the action because of the failure to give the notice indicated in the foregoing.

The law above stated is the majority rule which Georgia unquestionably follows. The rule stated in *Ellis v. Bryant,* 120 Ga. 890, supra, has been consistently followed by the Supreme Court. *Augusta Factory v. Mente & Co.,* 132 Ga. 503, 512 (3) (64 SE 553); *Burkhalter v. Roach,* 142 Ga. 344, 349 (3) (82 SE 1059); *Mangum v. Jones,* 205 Ga. 661, 667 (54 SE2d 603); *Scheer v. Doss,* 211 Ga. 7, 9 (83 SE2d 612); *Lively v. Munday,* 201 Ga. 409 (4) (40 SE2d 62, 173 ALR 1295). We find no

Georgia cases to the contrary where the question of an attempt to rescind is made by one of the parties.

The court erred in overruling the demurrers to the petition.

*Judgment reversed. Eberhardt, J., concurs. Hall, J., concurs specially.*

HALL, Judge, concurring specially. I concur with the judgment of reversal for the reason that the petition is defective, as against a general demurrer, for failure to allege any demand being made by the plaintiffs upon the defendants that they deliver a deed to the property. I do not concur in the dictum in the opinion as to the sufficiency of a demand which is non-existent. However, since the majority opinion gives its dictum on this issue, I will do likewise.

"Where the vendor breaches an executory contract for the sale of land, the vendee, if not himself in default, may elect to rescind the contract and recover the amount he has paid on the purchase price." *Walter T. Tally, Inc. v. Council,* 109 Ga. App. 100, 101 (135 SE2d 515). "The party who is in default as to the time may be immediately treated by the other party as though there was no contract between them." ·Bingham, The Law of Contracts for the Sale of Real Property, p. 786.

At common law, time of performance is generally of the essence of a contract; in equity, time is not of the essence unless it is expressly or by reasonable construction made so. *Hughes v. Holliday,* 149 Ga. 147, 149 (99 SE 301). In this State the equity rule has been adopted as part of our statutory law (law and equity). *Code Ann.* § 20-704 (9).

The above rule applies to contracts for the sale of land. "Of course the delay must not be wilful, [and] must not be *unreasonably long.* . ." *Ellis v. Bryant,* 120 Ga. 890, 894 (48 SE 354). (Emphasis supplied.)

Even though there is no stipulation in the contract that time is of the essence, it can be made so in one of two ways: (1) "it can nevertheless be made so after the time for performance has arrived *by a performance* or tender of performance by one party *and a demand* of the other or by a demand by a party not in default who is ready to perform," or (2) "Time may also be made of the essence by the act of one of the parties in fixing

a reasonable time for the completion of the contract and giving notice to the other party of an intention to abandon it unless it is completed within the time thus fixed." 17 AmJur2d 772, § 334. (Emphasis supplied.)

While there is an actual breach of the contract in every case where the vendor or the purchaser does not perform on the day stated in the instrument even though time is not of the essence, either party can still have specific performance of the contract if there has been no *substantial* breach. In other words, for there to be a valid defense to a suit for specific performance because of delay in the performance of a land contract, the delay must be substantial or wilful. Most of the cases dealing with land contracts are suits for specific performance where neither party has fully performed the contract, after time for performance has passed one party gives the other party notice to perform within a certain period of time (which is unreasonable) or else the contract will be rescinded. While the other party did not perform within that period of time he nevertheless is able to perform within a reasonable time and brings specific performance to make the other party perform.

In this case the purchaser had fully performed. The defendants take the position that where the contract does not specify that time is of the essence and the party who has fully performed makes a demand that the defaulting party perform in accordance with the terms of the contract but does not give a reasonable time for performance, the defaulting party has an unlimited time within which to perform. In other words, they are saying that if a vendee who had fully performed and made an immediate demand for a deed every day for 365 days the vendor would not be required to perform because the vendee had never given the vendor a fixed reasonable time within which to perform. This is not the law. On the contrary, where a *demand for performance* has been made, the defendant must perform within a *reasonable time* whether the time given is reasonable or unreasonable. In a suit involving a land contract the Supreme Court has said: "No time was fixed as to when the question as to the title should be settled; and the vendors were therefore allowed a reasonable time within which to take

steps to accomplish that result." *Bryant v. Atlantic R. Co.*, 119 Ga. 607, 609 (46 SE 829).

As to what is a reasonable time, the Supreme Court said in *Smith v. David*, 168 Ga. 511, 523 (148 SE 265), "When time is not of the essence of the contract, if the vendor finds his title defective, or the vendee raised objections to his title, he is entitled to a reasonable time and opportunity to obtain a good and marketable title. 36 Cyc. 718 c. The general rule is that the vendor, bringing suit within a reasonable time, and using diligence in remedying the defects in his title, is allowed to perfect his title pending the suit. 36 Cyc. 719 (III). *What is a reasonable time is a question of fact and not one of law.*" (Emphasis supplied.)

Furthermore, the *Ellis* case, supra, upon which the defendants rely, states that the time cannot be unreasonable or the delay wilful. The petition shows a delay of six months after the plaintiffs had fully performed. It cannot be said as a matter of law that this is or is not a reasonable time within which to perform a contract that had been executed some nine years previously.