28664. BELK v. NANCE et al.

GRICE, Chief Justice.

This appeal by F. Paul Belk is from the denial of his motion for summary judgment in his action for specific performance against Felix M. Nance and Mina J. Nance in the Superior Court of Cobb County. A certificate for immediate review was signed by the trial judge.

The parties entered into a contract as follows:

"Received of F. Paul Belk the sum of $100 as down payment on the following tract of land: South one half of Land Lot 249, 11th District, 3rd Section, Whitfield County, Georgia.

"Price of land including all timber to be $375 per acre.

"Acreage to be determined in survey by Bakkum-DeLoach Associates, the cost of which is to be paid by Felix Nance and F. Paul Belk, each paying 50%.

"Property to be paid for as follows: 20% cash at closing, balance in 5 equal annual payments plus interest at 7% on unpaid balance, due on anniversary date of closing.

"Transaction to be closed within 90 days after acceptance by Felix Nance.

"Property taxes to be prorated as of date of closing.

"Ga. Transfer tax to be paid by seller. ($1 per 1,000)."

At the conclusion of the contract the signature of Belk appeared at the left, and under it the date of June 1, 1972. The signatures of the Nances appear at the right, under which is an "acceptance date" of June 9, 1972.

In the count of his complaint seeking specific performance Belk alleged that upon searching the title of the property it was discovered that there were defects which rendered it unmarketable; that the parties agreed to an extension of 45 days to close the transaction; that on or about October 10, 1972, he informed the Nances that notwithstanding the state of their title, he was willing and able to close the transaction, but the Nances refused to convey the property to him; and that he has personally tendered the initial cash payment specified.

The motion for summary judgment was based on the

depositions and affidavits of the parties, and the deposition of one other witness. The trial judge denied Belk's motion.

■ It is contended by the Nances (the appellees) that the contract is too indefinite to authorize specific performance, because the description of the land is insufficient, and the exact acreage is subject to a survey.

We do not agree.

This court can take judicial notice that each of the original land lots in Whitfield County is in the form of a square. The "South one half of Land Lot 249, 11th District, 3rd Section, Whitfield County" is a readily ascertainable tract of land, and there is no merit in the contention that the description is insufficient. Compare *Vaughn v. Fitzgerald,* 112 Ga. 517, 519 (2) (37 SE 752); *Payton v. McPhaul,* 128 Ga. 510, 514 (58 SE 50, 11 AC 163); *Osteen v. Wynn,* 131 Ga. 209, 212 (62 SE 37, 127 ASR 212); *Rowland v. Mathews,* 153 Ga. 849, 854 (113 SE 442).

Where the boundaries of a tract of land are known, the fact that a survey may be necessary to determine the exact acreage, in order to determine the purchase price, which is stated by the acre, does not make a contract too indefinite to be enforced.

■ One of the basic controversies between the parties is whether the contract is a contract of sale or an option.

"Time is not generally of the essence of a contract of sale, but by express stipulation or agreement it may become so . . . The rule with reference to options is just the reverse, and an option is peculiarly an agreement of which time is of the essence. . ." *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462, 467 (86 SE2d 507).

In *Black v. Maddox,* 104 Ga. 157, 162 (30 SE 723), this court defined an option as follows: "The obligation by which one binds himself to sell, and leaves it discretionary with the other party to buy, is what is termed in law an option, which is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time."

The contract in the present case recites a "down payment" on the purchase price. It provides that the

transaction shall be closed within 90 days after "acceptance by Felix Nance." Felix Nance is one of the sellers, not the buyer. The buyer signed the contract first, and it was then accepted by the sellers. There is nothing in the contract to indicate that it is discretionary with the buyer as to whether he purchases the property.

The fact that there is a dispute between the parties as to the nature of the contract does not make a question of fact for the jury. It is an unambiguous executory contract of sale, and not an option.

■ Where a contract of sale does not expressly stipulate that time is of the essence, the mere prescribing of a certain time within which the transaction shall be closed does not necessitate a tender of the purchase price within that time. However, "the delay must not be wilful, must not be unreasonably long, and must not have occasioned damage which will not admit of compensation. And where there has been a failure to comply within the time stipulated, the other party may, by notice, fix upon and assign a reasonable time for completing the contract, and may call upon the party in default to do the act to be done by him within this period; . . ." *Ellis v. Bryant,* 120 Ga. 890, 894 (48 SE 352); *Scheer v. Doss,* 211 Ga. 7 (83 SE2d 612); *Williams v. Hudgens,* 217 Ga. 706 (5) (124 SE2d 746).

■ The evidence offered on the motion for summary judgment showed the following:

On September 1, 1972, shortly prior to the closing date stated in the contract, Belk wrote Nance concerning problems with the title to the property. He stated that he would be ready to close the transaction when these problems could be solved.

On September 8, 1972, Belk wrote Nance, enclosing a copy of a warranty deed. This letter stated that Belk's attorney was sending an affidavit for Nance to sign to establish proper title by adverse possession. On the same date, Belk's attorney wrote Nance, enclosing the affidavit referred to, which affidavit stated that Nance's father had been in adverse possession of the property for 20 years. Nance executed this affidavit and returned it.

On September 19, 1972, Belk wrote Nance, stating that his attorneys would need an extension of 45 days to

clear the title, and attaching an agreement to such extension for Nance's signature. This written extension agreement was not signed by Nance.

On October 10, 1972, Belk wrote Nance that his attorney had advised that an additional time of 90 days would be required to make the title marketable, but he had elected to close the transaction rather than to delay it any longer.

On October 19, 1972, Belk's attorney wrote to Nance stating that his client had advised him that Nance was declining to close the sale, and threatening legal action.

On October 25, 1972, Nance replied to this letter, stating that he considered that the "option" had expired. Further correspondence ensued between attorneys for the parties.

On March 7, 1973, Belk tendered the initial cash payment due at closing to Mr. and Mrs. Nance, who refused to accept the tender.

This evidence made an issue for determination by a jury as to whether the delay of approximately six months in tendering the purchase price was wilful, unreasonably long, or caused damage for which the Nances could not be compensated. See *Burkhalter v. Roach,* 142 Ga. 344, 349 (3) (82 SE 1059).

The trial judge did not err in denying the appellant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1974 — DECIDED MAY 21, 1974.

*Haas, Holland, Levison & Gibert, Harold D. Corlew,* for appellant.

*Leonard N. Steinberg,* for appellees.