## S99A0411. BRADDY v. BOYNTON.
### (518 SE2d 411)

CARLEY, Justice.

David Boynton brought suit to enforce an alleged oral agreement to purchase real property from Vicki Braddy. After discovery, the trial court granted Boynton's motion for summary judgment, and Ms. Braddy appeals.

A superior court may decree specific performance of a parol contract for the sale of land where there is clear proof that, with reference to the agreement, either the vendee made partial payment and went into possession or he took possession and made valuable improvements. OCGA § 23-2-131 (b). Here, the evidence is undisputed that, in reliance upon the agreement with Ms. Braddy, Boynton paid part of the purchase price, went into possession of the property, and made valuable improvements thereto. See *Lane v. Howard*, 201 Ga. 616 (40 SE2d 537) (1946).

Although she admits the existence of an oral contract, Ms. Braddy urges that summary judgment was improper because a genuine issue of material fact remains as to the terms of that agreement. Before a parol contract to purchase realty can be enforced by a decree of specific performance, its provisions, as well as its existence, must be shown clearly. "[T]he same fullness and certainty of proof as to the terms of the agreement is requisite. . . ." *Beall v. Clark*, 71 Ga. 818, 851 (3) (1884). According to Ms. Braddy, the sale was to close by March 7, 1996, whereas Boynton contended that no closing was contemplated until July of 1996 when he requested that it be held. If the precise date of closing is material to Boynton's entitlement to specific performance, this evidentiary conflict precludes the grant of summary judgment.

Even under Ms. Braddy's version of the contract, time was not essential to Boynton's performance. "[T]he mere prescribing of a certain time within which the transaction shall be closed does not necessitate a tender of the purchase price within that time." *Belk v. Nance*, 232 Ga. 264, 267 (3) (206 SE2d 449) (1974).

> [G]enerally time is not of the essence of contracts for the sale of land; for such a construction would result in enforcing a penalty, "which equity abhors and the law does not favor"; . . . . By express stipulation or reasonable construction, time may be made of the essence. [Cit.] Though even if such express stipulation is inserted as a penalty, it will be disregarded by courts of equity.

*Ellis v. Bryant*, 120 Ga. 890, 893 (48 SE 352) (1904). Therefore, strict compliance with a provision setting the closing for March 7, 1996, in

accordance with Ms. Braddy's version of the agreement, would not be material to Boynton's entitlement to specific performance. Because Boynton paid a part of the purchase price, took possession and made valuable improvements, "he has acquired an interest in the land. This interest is property. He can not be deprived of such property except by virtue of some valid contract. It can not be done by way of penalty or forfeiture." *Lytle v. Scottish American Mortgage Co.*, 122 Ga. 458, 467 (7) (50 SE 402) (1905).

Because time was not of the essence, Ms. Braddy could negate Boynton's right to specific performance only by showing that, after March 7, 1996, she notified him that she would consider the contract rescinded "unless performance is made within a fixed, reasonable time. Then, if there [was] not performance within the time prescribed, assuming it [was] reasonable, [Boynton would] be deemed to have consented to a rescission . . . . [Cits.]" *Development Corp. of Ga. v. West*, 116 Ga. App. 768, 770 (159 SE2d 94) (1967). Ms. Braddy did not proffer any evidence that she ever gave such notice to Boynton. Indeed, the evidence is undisputed that, after March 7, 1996, she accepted money from Boynton, allowed him to remain in possession and acquiesced in his further improvement of the property. "A seller should not, after the time for closing a sale, act in such a manner as to lead the buyer to believe that the time for closing will not be insisted upon." *Bolton v. Barber*, 233 Ga. 646, 648 (2) (212 SE2d 766) (1975). See also *Ellis v. Bryant*, supra at 894. In July of 1996, Boynton requested that Ms. Braddy close on the property. Under the circumstances, his tender of performance at that time was reasonable as a matter of law. See *Lively v. Munday*, 201 Ga. 409 (4) (40 SE2d 62) (1946). See also *Irvin v. Locke*, 200 Ga. 675, 677 (5) (38 SE2d 289) (1946). Compare *Jarman v. Westbrook*, 134 Ga. 19 (67 SE 403) (1910).

Construing the evidence most favorably for Ms. Braddy, the only performance which Boynton has yet to complete is his payment to her of the remaining portion of the agreed purchase price. Under all versions of the alleged oral agreement, however, that payment is not due until closing. The delay in that regard was attributable to Ms. Braddy's refusal to accept Boynton's timely request for closing and his tender of the balance of the purchase price in July of 1996. " 'A party to a contract can not cause a breach or delay in compliance by the other, and then set up the breach or delay so caused as freeing him from the contract.' [Cits.]" *English v. Muller*, 270 Ga. 876 (1) (514 SE2d 194) (1999). The trial court properly granted summary judgment on Boynton's claim for specific performance of the oral contract to purchase the property.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1999.

*Royal & Vaughan, Jeffrey S. Vaughan,* for appellant.
*Robert E. Falligant, Jr.,* for appellee.