A05A1883. BYRD et al. v. WYLLY ISLAND HOMEOWNERS' ASSOCIATION et al.
(626 SE2d 126)

ANDREWS, Presiding Judge.

Steven and Kimberly Byrd appeal from the trial court's order granting Wylly Island Homeowners' Association, Mary Bowers and Brinson Clements' (collectively "Association") request for an injunction allowing the Association to remove a patio and concrete border that encroached upon the common areas of the townhouse development. For the following reasons, we conclude there was no reversible error and affirm.

The undisputed evidence in the record shows that the Byrds installed a concrete border and concrete patio which extended into the common area of their development, in violation of the restrictive covenants of the Egret's Nest Townhomes. The covenants provide that all common property is controlled by the Association and may not be altered without express written approval of the architectural review board and the board of directors. Further, a homeowner must, before commencing any work, submit plans for any exterior changes or alterations to the landscaping, buildings, fences, walls or any other structure, to the architectural review board.

In his deposition, Byrd acknowledged that he was familiar with the rules governing the common areas and the requirements for making any additions or changes to buildings or landscaping. He had served on the Association's board of directors and had complained of violations of the covenants by other homeowners. He stated that he was aware that the concrete patio extended into the common area.

Byrd said he was not sure whether the concrete border that he installed behind his unit extended into the common area. Byrd admitted that he did not ask permission to install the border or to replace the landscaping in the common area with the patio. He also admitted that the night before the concrete patio was poured, the president and vice president of the board told him that there were objections to the patio, and if he went forward with it, there was a possibility that it would have to be removed. Nevertheless, Byrd maintained that he could not stop the workers from pouring the concrete the next day.

The Association asked the Byrds to submit a sketch of the patio to the architectural review board. The Byrds did so, but only after the project was completed. The Association subsequently sued the Byrds, asking for an injunction requiring the Byrds to remove the patio. The Byrds counterclaimed, requesting an injunction prohibiting the Association from removing the patio. The court granted the Association's motion and this appeal followed.

1. First, the Byrds argue that the Association could not force them to remove the patio because the architectural review board failed to approve or disapprove the plans in writing within 30 days, as required by the covenants. They argue that, according to the covenant, if the board fails to act, the plans are deemed approved. The provision at issue states that "[i]n the event the Board fails to approve, modify or disapprove in writing an application within thirty (30) days after plans and specifications in writing have been submitted to it, in accordance with adopted procedures, approval will be deemed granted."

But, the Byrds made no such application to the architectural review board. When asked, they submitted a sketch of the already completed patio.

Condominium instruments are a contract that governs the legal rights between the Association and the unit owners. *Bradford Square Condo. Assn. v. Miller*, 258 Ga. App. 240, 245 (573 SE2d 405) (2002). Because the Byrds failed to comply with the covenant, the requirement that the board act within 30 days was never triggered. Accordingly, the Byrds cannot attempt to avail themselves of a provision they ignored and use it to claim that the Association is estopped from bringing suit. See, e.g., *Braddy v. Boynton*, 271 Ga. 55, 56 (518 SE2d 411) (1999) ("A party to a contract can not cause a breach or delay in compliance by the other, and then set up the breach or delay so caused as freeing him from the contract.").

*Bounds v. Coventry Green Homeowners' Assn.*, 268 Ga. App. 69 (601 SE2d 440) (2004), relied on by the Byrds, does not change this result. *Bounds* involved evidence that may have been improperly excluded by the trial court and is not on point. Moreover, in *Bounds*,

the homeowners notified the architectural review board that they were planning to make the changes prior to completion. In this case, the Byrds did not submit plans to the architectural review board before beginning the work.

The Byrds also argue that because the Association failed to file suit before the landscaping around the patio was completed, the plans should have been deemed approved. The Byrds cite to a provision in the "Supplementary Declaration of Covenants and Restrictions Wylly Island Single Family Lots" in support of this argument. By definition, this section is inapplicable to the Egret's Nest Townhomes; and, in reading through this supplementary declaration, it is apparent that it does not contemplate any applicability to townhomes. The section pertaining to the Egret's Nest Townhomes contains no such provision. This enumeration is totally without merit.

2. Next, the Byrds argue that the Association is estopped from enforcing the covenants at issue because it has waived covenants at other times as to other residents. They cite to no authority in support of this contention. Moreover, in *Bryan v. MBC Partners*, 246 Ga. App. 549, 551 (541 SE2d 124) (2000), this Court rejected a similar argument. The homeowner in that case put up a sign in violation of restrictive covenants similar to those in the instant case. The homeowner argued that the architectural control committee had not objected to other signs erected by other homeowners and therefore it waived its right to require him to take down his sign.

This Court held that there was no waiver or estoppel. We noted that, as in the instant case, there was no evidence that anyone had objected to any of these other signs and that the homeowner had not requested approval prior to putting up the sign. *Bryan*, supra at 551.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED DECEMBER 29, 2005 —
RECONSIDERATION DENIED JANUARY 12, 2006 —

*Callaway, Braun, Riddle & Hughes, Edward M. Hughes, Anne A. Westbrook, McCorkle, Pedigo & Johnson, David H. Johnson,* for appellants.

*Barrow & Ballew, Joseph H. Barrow,* for appellees.